THE STATE OF MISSOURI TO USE OF ROBERT SINNAMON, Respondent, *v.* JOHN B. EVANS, SAMUEL WILLI, AND JOHN RIGGIN, JR., Appellants.

*Fraudulent Conveyances — Possession by Vendor.* — By the statute R. C. 1855, p. 805, § 10, the continuance in possession by the vendor of goods sold is conclusive evidence of fraud in the sale as to the creditor of the vendor and purchasers from him without notice, unless the vendee can prove that the sale was made in good faith for a valuable consideration, and without any intent to defraud creditors or subsequent purchasers. When the claimant offers evidence, the question of good faith and honest intent are to be submitted to the jury, and it is their exclusive province to decide whether the transaction is or is not fraudulent.*

* By the Rev. Stat. of 1866, ch. 107, § 10, unless the sale be followed by a change of possession within a reasonable time, the sale is to be held fraudulent, and the intent is not submitted to the jury.

State to use, &c., v. Evans et als.

*Appeal from St. Louis Court of Common Pleas.*

*Davis & Evans,* for appellants.

Possession of personal property by the vendor after an absolute sale of it, is evidence of fraud against the vendee, as well as against the vendor who sells and retains the property sold—Twyne's case, 3 Coke, 80, & 1 Smith's Lea. Cas., 33. And in many of the States such possession is held to be fraudulent *per se,* and unexplainable by evidence of *bona fides* or fairness on the part of the vendee; and this doctrine prevails in the Supreme Court of the United States—Hamilton v. Russell, 1 Cranch, 309; 1 Gallison, 419–23; 3 J. J. Marsh. 343; Waller v. Cralle, 8 B. Mon. 11; Thornton v. Davenport et al., 1 Scam. 296; Kitchell v. Bratton, 1 Scam. 301; Hobbs v. Bibb, 2 Stewart, 54; Jordan v. Turner, 3 Blackf. 309. But it will be said that the law is different in this State; and that although an absolute sale without change of possession may raise a presumption of collusion between the vendor and vendee, yet such a presumption may be explained away or overcome by evidence of fairness on the part of the vendee.

The inadequacy of consideration is an important element in forming a conclusion as to the *bona fides* of the transaction—Doe v. Jones, 16 East. 212. The law presumes an understanding between the parties; infers the existence of a secret trust; and, so far as the rights of creditors are affected, the deed is void. In the case now before the court, inadequacy of consideration, retainer of possession, and the positive evidence of a secret understanding between Lockwood and Sinnamon, the vendor and vendee, that Lockwood was to be benefitted by the transaction, all concur to stigmatize the claim of Sinnamon as corrupt—Brooks v. Wimer, 20 Mo. 503; Walter v. Wimer, 24 Mo. 63; Martin v. Maddox, 24 Mo. 575; Stanley v. Bunce, 27 Mo. 69; Martin v. Rice, 24 Mo. 581.

*Krum & Decker,* for respondent.

I. A sale of personal property by a person in debt may be

made even to one of his creditors, in payment of his debt. In other words, a debtor may prefer one creditor to another, and the payment of a debt is a valid consideration for the sale of property.

II. The failure to transfer the possession of personal property is merely presumptive evidence of fraud, and is rebutted by showing a *bona fide* sale for a valuable consideration in fact—R. C. 1855, p. 805, § 10.

III. That a purchaser is not affected by the fraudulent intent of the vendor, unless he is party or privy to such fraud.

WAGNER, Judge, delivered the opinion of the court.

It appears by the record, that one Addison G. Bragg instituted suit by attachment against William A. Lockwood, and levied on certain personal property, in which were included two portable steam engines, as the property of Lockwood. Sinnamon, the respondent, claimed the engines as his property by purchase from Lockwood, and gave notice of his claim to the sheriff, in writing ; whereupon the appellants executed a bond to the State, in pursuance of the act applicable to St. Louis county concerning sheriffs and marshals, and the sheriff thereupon proceeded to sell the engines under the attachment as the property of Lockwood. This action was brought upon the bond to recover damages for the alleged taking of the respondent's property. The consideration which the respondent paid for the engines was seven hundred and fifty dollars, and there was evidence conducing to show that they were worth from one thousand to twelve hundred dollars. There was slight evidence evincing an understanding between Lockwood and Sinnamon, that Lockwood should have a share of all that was realized from the sale of the engines, over and above the price given for them and the cost of completing them. The engines were left in the possession of Lockwood, but it appears that they were in an unfinished state, and that he was to complete them, for which he was to receive an additional compensation. Respondent claimed that, by reason of the unlawful taking, he

was damaged in the sum of twelve hundred dollars, for which he asked judgment; and the jury found a verdict in his behalf for that amount. The appellants filed their motion for a new trial, which being overruled, they appealed to this court.

It is needless to copy and review the instructions that were given and refused on the trial of this cause. The argument of the appellants' counsel is mainly directed to the points, that retaining possession of the property by the vendor after the sale is fraudulent in law *per se*. We had supposed that this question was settled, so far as this State is concerned. Our statute designed putting at rest the protracted litigation arising out of this vexed question. The tenth section of the Code of 1855, p. 805, provides that " every sale made by a vendor of goods and chattels in his possession, or under his control, unless the same be accompanied by delivery in a reasonable time (regard being had to the situation of the property), and be followed by an actual and continued change of the possession of the things sold, shall be presumed to be fraudulent and void as against the creditors of the vendor, or subsequent purchasers in good faith, and shall be conclusive evidence of fraud, unless it shall be made to appear to the jury, on the part of the person claiming under such sale, that the same was made in good faith, and without any intent to defraud creditors or subsequent purchasers."

The question of good faith and fraudulent intent were submitted to the jury, and it is their exclusive province to decide whether the transaction is fraudulent or not. The possession after the sale, in the vendor, is presumptive evidence of fraud, and the *onus* devolves on the vendee of showing that the sale was made in good faith, with no intention of defrauding creditors. And this presumption of fraud will be conclusive, unless the retention of possession by the vendor is satisfactorily accounted for by the vendee. But when evidence is introduced for the purpose of repelling the fraudulent intent, then the jury are the sole judges of the *bona fides* of the transaction.

Whilst some of the instructions offered by the appellants were unobjectionable, yet it was not error in the court in refusing them, as the instructions already given at the instance of the respondent presented the case to the jury fully and fairly. As to the inadequacy of the price, there ought to be a reasonable and fair consideration corresponding with the value of the article sold. But as the jury negatived all fraud in the case, in view of the action of the respondent in entering a *remittitur*, the appellants cannot complain of being injured. Bragg sold the property and applied the proceeds to his own use; the respondent paid seven hundred and fifty dollars for the property, and recovered judgment for twelve hundred dollars; he remitted three hundred and fifty dollars. Bragg, therefore, received the benefit of the excess over what the property reasonably cost the respondent.

We do not perceive that the court committed any error in refusing to grant a new trial, on the ground of newly discovered evidence. In fact, the appellants seem to have abandoned the point in this court.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.