H. G. WARREN & SON, Respondents, v. J. B. MALONEY
*et al.*, Appellants.

### Kansas City Court of Appeals, February 6, 1888.

1. PARTNERSHIP—RETIREMENT OF PARTNER—EFFECT OF—CASE ADJUDGED.—Where one of a partnership retires from it, it works a dissolution of the partnership. And in the case of a successor to him, a stranger to the old firm, there is no such devolution of the accounts of the first upon the second firm as to entitle the latter firm to claim a continuing account so as to prevent the running of the statute of limitations from the date of the dissolution.

2. ———— PRACTICE—INSTRUCTION—CASE ADJUDGED.—In such a case, as here, defendant is entitled to the benefit of the statute of limitations so far as applicable by instruction. But in case of credits for payments, they should be applied to the account to which they relate, whether old or new.

APPEAL from Adair Circuit Court, HON. ANDREW ELLISON, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

A. C. EUBANKS, for the appellants.

I.   This suit was commenced before a justice of the peace in Sullivan county, Missouri, on the ———— day of May, 1885, and judgment rendered against defendants, who appealed therefrom to the circuit court of said county. The defendants then obtained a change of venue of said cause and it was sent to the circuit court of Adair county, Missouri, and filed in the office of the clerk of the last-named court, on the eighth day of March, 1886, said cause of action being based on an account itemized, showing day and date of the purchase of the items.

II.   The account sued on and the evidence both show that plaintiffs are a copartnership and successors

to another and different copartnership, to-wit, Warren
& Ireland. The evidence and the account further prove :
that all the items charged to defendants in the account
filed, commencing July 25, 1876, and running to Febru-
ary 21, 1877, both inclusive, were purchased by defend-
ants of the firm of Warren & Ireland, and that the firm
of Warren & Ireland was, on the said twenty-first day of
February, 1877, dissolved and terminated, and on the
day last named, this plaintiff firm became the successors
of the firm of Warren & Ireland, and that the balance of
the account sued on was purchased of Warren & Son.

III. Defendants contend that the two firms are sepa-
rate and distinct, and that their account made with the
firm of Warren & Ireland, terminated with the dissolu-
tion of the firm last named, and that thereafter their
account and contract was with plaintiff firm, on from Feb-
ruary 21, 1877, and prior thereto it was with Warren &
Ireland ; that more than five years having run since the
date of their purchase of the last item from Warren & Ire-
land, that said account with Warren & Ireland is barred
by the operation of the statute of limitations, said firm of
Warren & Ireland having been dissolved and terminated
February 21, 1877. *Henry v. Mahone*, 23 Mo. App. 83 ;
*Allen & Co. v. The Smelting Co.*, 73 Mo. 693. And the
court, therefore, erred in refusing to give defendants'
instructions numbered three and four.

IV. The court erred in giving plaintiffs' instruc-
tions, numbered one and two, because both instructions
ignore the dissolution of the firm of Warren & Ireland,
and are misleading, and are not the law in this case. It
cannot be contended that the account of defendants
made with Warren & Ireland was taken out of the opera-
tion of the statute of limitations, by payments made
thereon, for all the credits given defendants, as shown
by the evidence, and credits entered by plaintiffs, were
applied on the account of Warren & Son against defend-
ants, except the sixty-seven-dollar wagon, which one
of the plaintiffs testifies was applied on his individual
note, not in suit, while defendants testify it was to be

applied on their account with Warren & Son—there is no evidence tending to prove it was applied on the account with Warren & Ireland.

V.  The court erred in overruling defendants' motion for a new trial, and in overruling their motion in arrest of judgment.

No brief for the respondents.

PHILIPS, P. J.—The plaintiffs, as partners, sued defendants on an account. It appears from the evidence, and the itemized accounts, that, from July 26, 1876, a firm of partners by the style of Warren and Ireland sold goods to the defendants, on a running account, until the twenty-first day of February, 1877, when Ireland retired from the concern, his place being taken by purchase, by the son of the partner, Warren; and that thenceforth the firm name was Warren & Son, the plaintiffs in this action. The defendants continued to buy goods from the new just as they had done from the old firm; but the purchases made by them after the constitution of the new partnership were entered on the books in the name of Warren & Son. From March 14, 1877, to July 20, 1877, the defendants run an account with said firm of Warren & Son. The plaintiffs' action is based on both of said accounts, aggregating the sum of $395.76, with a credit of $317.06, leaving a balance of $78.70. From the itemized accounts and credits it appears that payments were made on the account from August 23, 1876, up to March 2, 1877. Then the firm name of Warren & Son first appears, the account of payments beginning under that head of date April 2, 1877. On the trial the defendants interposed the plea of the statute of limitations as to all that portion of the account for goods sold by Warren & Ireland.

The court refused the following instruction asked by defendants:

"The jury are instructed, that, at the time Ireland

went out of the firm of Warren & Ireland, that terminated that copartnership, and that the firm of Warren & Son, successors, constituted a new firm, and the accounts of each are separate, and that if more than five years has elapsed since the date of the last item or credit of the account of Ireland & Warren, then plaintiff cannot recover anything on said account of Warren & Ireland."

The court, on behalf of plaintiffs, gave an instruction which authorized the jury to find for the plaintiffs regardless of the issue of the statute of limitations. The jury found for the plaintiffs the whole amount of their demand, less a few dollars, on account, presumably, of certain credits claimed by defendants.

The court should have given defendants the benefit of the statute of limitations as to the Warren & Ireland account, in some proper form. The retirement of Ireland from the copartnership of Warren & Ireland worked a dissolution of that partnership. 2 Lind. on Part. 701; *Henry v. Mahone*, 23 Mo. App. 83; *Allen & Co. v. Smelting Co.*, 73 Mo. 693. As his interest appears from the record before us to have been transferred to H. C. Warren, Jr., a stranger to the old firm, there was no such devolution of accounts of the first upon the second firm as to entitle plaintiffs to claim a continuing account, so as to prevent the running of the statute of limitations from the date of the dissolution of the firm of Warren & Ireland. The continuity of the account was broken on the dissolution of Warren & Ireland.

It would be as well, perhaps, to suggest, in the event of a further trial, that it would be unjust that defendants, by availing themselves of the statute of limitations, should throw the whole amount of the credits paid by them to the account of Warren & Son; as it appears that part of the payments made by defendants were on account of the account due Warren & Ireland, as they were made prior to making any account with Warren & Son.

Judgment reversed and cause remanded. All concur.