H. C. WARREN & SON, Respondents, v. J. B. & W. C. MALONEY, Appellants.

Kansas City Court of Appeals, February 17, 1890.

Appellate Practice: NO REVIEW OF CONFLICTING EVIDENCE. The appellate court in law cases has only the power to review the law declared by the trial court, and when that court is entrusted with both the facts and law the appellate court must assume the facts to be as the trial court finds them, and the unvarying practice is not to disturb such finding.

*Appeal from the Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*A. C. Eubanks*, for the appellants.

Appellants contend that, under the evidence, the court should have found the issues for defendants and

rendered judgment thereon. They further contend that the court erred : (1) In overruling their motion for a new trial, and (2) in overruling their motion in arrest of judgment; and that the court erred in disregarding the directions of this court contained in the mandate in reversing and remanding this case for retrial to said circuit court, requiring it to give defendants the benefit of the statute of limitation, as heretofore set up. 29 Mo. App. 101.

No brief for the respondent.

SMITH, P. J.—This case was here on a former occasion, and is reported in 29 Mo. App. 101, where there will be found, in the opinion therein delivered a very comprehensive statement of what it is. The judgment was there reversed, and the cause remanded, with instructions to the circuit court to give the defendants therein, on a further trial, the benefit of the statute of limitations, as to so much of the account sued on, as was made with Warren & Ireland, whom the plaintiffs succeeded in the mercantile business ; and, also, not to allow the defendants credit on their account with plaintiffs, for the amounts paid on their account with Warren & Ireland. The case was retried by the circuit court without a jury, and it found for the plaintiffs the sum of $67.20, and gave judgment accordingly. There were no instructions asked or given. The defendants appealed.

The defendants contend that, under the evidence, the court should have found the issues for them.

On an appeal in a case at law, when the intervention of a jury has been dispensed with, the facts upon which the court bases its judgment are incontrovertible here. This court has only the power to review the law declared by the court below, and, when that court is entrusted with both facts and law, we must assume the facts to be as the court finds them. This observation is

not made because, in the present case, the facts in evidence do not justify the assumption of the circuit court in regard to them, for there is nothing in our opinion unreasonable in the deductions made by the circuit court from the evidence presented, but because we wish it to be understood that it is not our province to determine facts, or review the finding of juries or courts on them except in chancery cases. *Hamilton v. Biggers*, 63 Mo. 233; *Avery v. Fitzgerald*, 94 Mo. 207; *Gaines v. Fender*, 82 Mo. 497. The practice is unvarying in this court, when there is contradictory and conflicting evidence, tending to prove both sides, not to disturb the finding of the trial court, unless that finding is brought about by some error, or misdirection of the court. *Grove v. City of Kansas*, 75 Mo. 672; *Frederickson v. Mitchell*, 82 Mo. 14. There being no instructions asked or given, we cannot assume that the court tried the case upon an incorrect theory, or that it disregarded the directions given it, in remanding the cause when it was here before.

As we understand the evidence, the finding of the court upon it is consistent with the directions of this court as to the application of the statute of limitations. No reason is perceived, nor is any suggested, that would justify our interference with the judgment of the circuit court, which we think should be affirmed. All concur.