SAMUEL RUFFIN and others v. C. B. HARRISON and others.

*Guardian and Ward.*

Upon the facts found in pursuance of previous adjudications in this case (81 N C., 208, and 86 N. C., 190), and upon confirmation of the referee's report, the plaintiffs are entitled to judgment against the parties to whom the money due the ward was wrongfully paid.

(*Exum* v. *Bowden*, 4 Ired. Eq., 281; *Lemly* v. *Atwood*, 65 N. C., 46, cited and approved).

CIVIL ACTION heard upon exceptions to a referee's report made to THE SUPREME COURT, and heard at February Term, 1884.

*Messrs. E. G. Haywood* and *Reade, Busbee & Busbee,* for plaintiffs.

*Messrs. Davis & Cooke, D. G. Fowle* and *A. M. Lewis,* for defendants.

SMITH, C. J. When the cause was before us on its merits and decided at June term, 1879 (81 N. C., 208), it was ascertained that the sum of $1,555.23, raised by a mortgage of some

of the lands bought by the *feme* defendant Harrison, had gone into the hands of her husband, the administrator, Carter B. Harrison, and with her consent applied to the creditors, including herself, a part of which may have been needed to pay the balance due the infant; and if so, the sum so misapplied could be pursued and recovered by the plaintiffs from those who had participated in the misapplication for their partial exoneration.

A reference was thereupon ordered to ascertain the sum so required to pay the residue of the infant's debt, and which had been wrongfully diverted and appropriated to other claims posterior to hers in the order of payment under the decree, and the date of the guardian's removal.

The referee made his report, in which he finds that on the 15th day of May, 1875, when the funds went into the hands of the administrator, there was an unpaid balance of $640.26 due the infant which ought to have been discharged therefrom, and that the entire amount of $1,555.23 derived from the source mentioned, and of which that balance constitutes a part, had been paid over and applied to the indebtedness to M. L. Ellis and Penelope Egerton, from the said administrator.

The referee further reports that in the absence of any record evidence of an order removing the said C. B. Harrison from the guardianship, the removal did not take place before the issue of notice thereof to the solicitor on September 7th, 1875.

The report, for want of notice, of the time of executing the order and taking the account, to the defendants, O. L. Ellis and wife, and Penelope Egerton, or their counsel, was set aside at February term, 1883, and the matter again referred to the same commissioner.

A second report, substantially the same as the former, was returned to fall term last, and the cause being continued, the matters arising out of it and the correlative liabilities of the creditors, of the second and third class provided for in the decree, to replace the misapplied moneys, were fully discussed at the hearing during the present term.

There are no exceptions taken to the report except that in regard to the date of the termination of the guardianship, which is not urged, and the complaint made before the commissioner of the limited scope of his enquiries under the reference.

In our former decision, reheard and affirmed at February term, 1882 (86 N. C., 190), it was declared that as soon as any moneys received under the decree came into the hands of said C. B. Harrison, which ought to be applied to the infant's debt, they were instantly held by him, as guardian, he filling both capacities, the transfer being effected by operation of law. The consequence is that Harrison, being thus in possession in his character as guardian, held the fund at once in trust for his ward, and its perversion to other uses was a breach of official duty, for which he himself and such as knowingly participated in the fruits of the misapplication are responsible to the infant, and, by subrogation, to the plaintiffs the sureties to the guardian bond for their reimbursement and exoneration. The principle is well recognized in a court of equity. *Exum* v. *Bowden*, 4 Ired. Eq., 281; *Lemly* v. *Atwood*, 65 N. C., 46, and numerous cases intervening.

This is entirely aside from any questions that may grow out of a maladministration of the debtor's estate by the representative, and the claims of creditors *inter sese*, to priority of satisfaction from the assets. These are matters to be considered and adjusted among them. These plaintiffs are, in our opinion, upon the confirmation of the report and upon the facts found in pursuance of the previous adjudications, entitled to judgment against the parties to whom the sum then due the infant was wrongfully paid.

The report is confirmed and the commissioner is allowed $25 for his services. A decree to this effect may be drawn accordingly for said sum of $640.26, and interest from May 15, 1875.

Judgment accordingly.