S. L. ISBELL, Respondent, v. CHARLES WEISS, Appellant.

St. Louis Court of Appeals, December 18, 1894.

1. **Divorce**: LIABILITY OF HUSBAND FOR LEGAL SERVICES TO WIFE. The attorney for the plaintiff in an action for divorce instituted by a wife, but subsequently dismissed at her direction, can not recover the value of services rendered by him therein in an independent action against the husband.

2. ———: ———. But *held*, in the course of discussion, that, upon a showing of probable cause, an allowance for suit money could have been made to the wife in the action for divorce, and the dismissal conditioned upon the payment of the allowance into court.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED.

*Edmond A. B. Garesche* for appellant.

*Louis A. Steber* for respondent.

ROMBAUER, P. J.—The plaintiff, at the request of the defendant's wife, prepared a petition for divorce on her behalf. He filed it in the circuit court accompanied by a motion for alimony *pendente lite*, a copy of which

was served upon the defendant. Thereupon the defendant by his attorney addressed a note to the present plaintiff, advising him that the plaintiff in the divorce suit had signed a stipulation consenting to the dismissal of that suit. This note requested the present plaintiff to dismiss the divorce suit, and advised him that, in case he declined to do so, the stipulation would be presented to the court on a day named, and the court would be requested to act upon it. On the day named the present plaintiff appeared by attorney, and filed his own affidavit showing the above facts. The affidavit embodied a motion requesting the court to order that the defendant pay the court costs and a suitable counsel fee to the plaintiff before the suit was dismissed. What became of this motion nowhere appears, but it does appear that the suit was dismissed, presumably without taking any notice of the plaintiff's motion.

After the dismissal of the suit, the plaintiff brought the present action before a justice of the peace to recover from the defendant the reasonable value of his services rendered to the plaintiff wife in the divorce proceedings. Upon the trial of this cause on appeal before the court without a jury, such proceedings were had that the plaintiff recovered the reasonable value of such services. The defendant appeals, and assigns for error that such judgment can not be upheld under the law and evidence.

This judgment can not be upheld under the conceded facts. The decisions in this state do recognize a distinction between suit money and support money, both of which are included in the term alimony in its wider sense. ( *Waters v. Waters*, 49 Mo. 386; *Dawson v. Dawson*, 37 Mo. App. 207, 212); yet all the decisions hold that, whether alimony includes one or both, it is a mere incident to an action for divorce, and can only be given as an incident to the suit, and under

the provisions of the statute.    *McIntire v. McIntire*, 80 Mo. 470, 472.

If the plaintiff could have shown that his client had probable cause for divorce at the time when he drew her petition, but subequently dismissed her suit either voluntarily or under the undue influence of her husband, he ought to have shown this in the court where the divorce proceedings were pending.    The court, upon such showing, could have made an allowance to the plaintiff's client for suit money, and might have conditioned the dismissal of the proceedings upon payment of this amount into court.    Such a course was pursued in *Waters v. Waters, supra,* and was upheld on appeal.    But our practice does not warrant the recovery of alimony or suit money in a separate proceeding, and the mere fact that the recovery is sought to be upheld on the theory of necessaries furnished the wife can make no difference.

But, even if other obstacles were out of the way, it would be fatal to plaintiff's recovery that he failed to show that his client ever had a probable cause for divorce against the defendant.    Even in those jurisdictions where an attorney can sue a husband directly for legal services rendered to his wife in proceedings against himself, it is a condition precedent to recovery to show that such services were necessary.    A contrary holding would lead to the absurd result of making a husband responsible for the services of an attorney to his wife on a groundless proceeding against himself. The burden of proof to show probable cause is with the plaintiff.

All the judges concurring, the judgment is reversed.