OPHELIA FULLHART, Respondent, v. MARION FULLHART, Appellant.

**Kansas City Court of Appeals, November 28, 1904.**

1. **DIVORCE: Alimony Pendente Lite: Cohabitation.** A wife suing for divorce is entitled to alimony *pendente lite* unless she is still living with her husband in the same residence.

2. ———: **Suit Money: Reconciliation: Cohabitation.** Where a wife in good faith sues for divorce and files her motion for alimony *pendente lite*, and, subsequently, pending the hearing of the motion, becomes reconciled to her husband and resumes cohabitation with him, she is nevertheless entitled to suit money to pay her attorney.

Appeal from Putnam Circuit Court.—*Hon. P. C. Stepp, Judge.*

AFFIRMED.

*James W. Magee* and *T. B. Valentine* for appellant.

(1) The order of the court granting alimony, in this case is a final one, and one from which an appeal will lie. State ex rel. v. Sedden, 93 Mo. 520. (2) It is error to render judgment for alimony, *pendente lite* before the marriage has been admitted or proved. Wagoner v. Wagoner, 6 Mo. App. 572. (3) It must appear that the suit was instituted in good faith and that it is not prosecuted for the mere purpose of obtaining money from the husband. Adams v. Adams, 49 Mo. App. 600. (4) The attorney must show that his client had probable cause for her suit. Isbell v. Weiss, 60 Mo. App. 56. (5) Therefore where husband and wife are living together while a divorce suit is pending (as in this case) alimony in the nature of suit money can not be granted. Adams v. Adams, 49 Mo. App. 599. (6) The respondent failed to show that legal services

for her were necessary: a contrary holding would lead to the absurd result of making a husband responsible for services of an attorney to wife on a groundless proceeding against himself, and that is clearly this case, the burden of proof to show probable cause is with the plaintiff, and this has not been done in this case. Isbell v. Weiss, 60 Mo. App. 56.

*J. C. McKinley* and *C. C. Fogle* for respondent.

(1) Alimony includes both expenses of living and suit money and the wife is entitled to alimony and suit money as long as the litigation continues. Dawson v. Dawson, 37 Mo. App. 213. (2) Alimony to defray counsel fees may be allowed after final judgment in the cause, when the motion therefor is filed prior to the trial. Adams v. Adams, 49 Mo. App. 592. (3) The allowance of alimony in this case made by the court is sustained on an identical case in Isbell v. Weiss, 60 Mo. App. 54.

SMITH, P. J.—On the 21st day of March, 1903, the plaintiff filed a petition for divorce in which it was alleged that defendant was guilty of such cruel and barbarous treatment as to endanger plaintiff's life—specifying in what. On the same day the plaintiff filed a motion for alimony in which it was alleged that she "had several minor children with her" and was wholly without means of support and maintenance; that the defendant was seized and possessed of real and personal property of the value of $30,000, wherefore she moved the court "to allow her such sum for the prosecution of her said suit for alimony, maintenance and support of her children as may be just, and for all other proper relief."

At the April term next following, evidence in support of the motion was heard by the court. It is conceded that the evidence so offered tended to support

Fullhart v. Fullhart.

the allegations of the petition for the divorce; that the defendant was the owner of property of the value of seven or eight thousand dollars and that the plaintiff had no means of support for herself and three infant children except that of her own labor. The motion was then continued until the August term, 1903, at which latter term the plaintiff resubmitted the motion on the evidence taken at the preceding April term. The defendant at the said August term of court testified in his own behalf to the effect: "Shortly after the last April term, and long before this term of this court, plaintiff came to me and wanted me to let her come back to my house and fill her place as my wife. I told her that if she would conduct herself properly, and faithfully demean herself and perform all the duties on her part as my wife, I would agree to allow her to return, to which she readily and willingly agreed, and relying upon her promise, I restored her to myself as she had formerly been, and she became reconciled to my bed and board; and has ever since that time remained with me as my wife. I will add further, that I had always treated her with kindness and affection and performed all the duties on my part as her husband, and had never given her any cause for leaving me in the first place; and that she had never had any just cause for instituting divorce proceedings against me, all of which she admitted to be true, and said she wanted the case dismissed and has so instructed her attorney, Mr. McKinley." This testimony was not contradicted. The court thereupon found that the plaintiff was "entitled to temporary alimony for her support and attorneys' fees in the sum of one hundred and fifty dollars," and so adjudged. Afterwards on the same day—August 31, 1903—it appears that the plaintiff having been reconciled to the defendant—her husband—voluntarily dismissed her suit. After unsuccessful motions to set aside the finding and in arrest the defendant appealed.

The appeal invests us with jurisdiction to determine from the record whether or not the trial court abused its discretion in making the order awarding the plaintiff alimony *pendente lite*. It was held in State ex rel. v. Seddon, 93 Mo. 520, that such an order is largely within the discretion of the circuit judge and would not be interfered with by the appellate court unless it was made clearly to appear that such discretion had been abused. According to the established rule of practice in this State, when an application for alimony in the nature of suit money is made by a wife suing for a divorce it will be granted as a matter of course unless certain things which preclude that right on settled law are made to appear. One of these is that the husband and wife are still living together in the same residence. It is the settled law that the spouses must be living separately during the pendency of the suit for divorce in order to warrant alimony *pendente lite* in favor of the wife. Waters v. Waters, 49 Mo. 385; Adams v. Adams, 49 Mo. App. 592. In 2 Bishop on Marriage and Divorce (5 Ed.), sec. 384, it is stated: "It is legally improper for the parties to live in matrimonial cohabitation whatever is to be the result of the suit. Even if the husband offers to support the wife in his own house with separate beds, she should not accept the offer." The authorities, many of which are cited in Adams v. Adams, supra, generally concur in the statement of the doctrine that alimony being an allowance for a separated wife granted upon the wrongful refusal of the husband to support her, they must be living separately in order to justify an allowance of alimony *pendente lite*.

In the present case it appears to be an undisputed fact that within a month or so after the filing of the motion for alimony the plaintiff became reconciled to the defendant—her husband— and returned to his bed and board and from thenceforth continued to live in matrimonial cohabitation with him. She was there-

fore so living with him at the time of the final hearing of the motion for alimony and the order made thereon allowing it. According to the doctrine of the law as we have just stated it to be, the plaintiff by living with the defendant in matrimonial cohabitation during the pendency of her suit for divorce and her motion for alimony, thereby precluded her right to have alimony, to which otherwise she might have been entitled. The marital offense of the defendant which constituted the grounds upon which plaintiff prayed for a divorce was condoned by her voluntarily resuming her matrimonial cohabitation with him. Whatever merit there primarily was in her cause of action was eliminated by her conceded subsequent cohabitation with the defendant. By this voluntary action on her part she disentitled herself to a separate maintenance. She was not therefore entitled to the expense of living or suit money. The defendant upon no principle could be subjected to the payment of the costs and expenses of a litigation shown by the plaintiff's confession groundless, at least from the date of the resumption of cohabitation with the defendant.

But while it would seem that the plaintiff was not entitled to any kind of alimony after she had precluded her right to it in the manner already stated, yet as it is disclosed by the record that her suit was instituted in good faith and not for the mere purpose of getting money from the defendant, and that she required the services of an attorney to institute and prosecute it, no good reason is seen why she was not entitled to suit money to reasonably compensate such attorney for the services rendered in the case to the time of the resumption of cohabitation with her husband. We know of no principle of law by which a woman who has a meritorious cause of action for divorce employs an attorney to institute and prosecute such an action can, after it has been instituted and carried on for some time, deprive him of his right to compensation for the services

so rendered in that action by a reconciliation with her husband followed by a resumption of cohabitation. It would seem that upon the clearest principles of common honesty as well as law that an attorney in such a predicament ought to be compensated for the services rendered and that the wife should be allowed suit money for that purpose.

We must therefore conclude that the trial court in making the order drawn in question by the appeal in this case did not abuse the discretion with which it was invested; and accordingly that order will be affirmed. All concur.