PAGE v. PAGE.

(Supreme Court, Appellate Division, First Department. February 21, 1908.)

1. DIVORCE—CUSTODY OF CHILDREN.

On an issue as to plaintiff's right to the custody of her children, in an action for separation, evidence *held* insufficient to show that she was not entitled to their custody because of the habitual use of narcotics and the excessive use of liquors.

2. SAME—COUNSEL FEE—ALLOWANCE AFTER DECISION.

Plaintiff's counsel in a suit for separation notified defendant's attorney before trial that he would be compelled to make a second motion for an additional counsel fee. Defendant's counsel suggested that it be postponed until the trial of the action, and be submitted to the trial judge, to which plaintiff's counsel agreed. At the close of the trial, when more than $400 had been expended in disbursements, defendant's counsel suggested that the amount of additional counsel fee be left to the court's determination on the settlement of the decree, and after decision a decree was noticed for settlement, leaving a blank for the amount of counsel fee, when another counsel was substituted for defendant, and he objected to a further allowance. *Held* that, under such agreement, the court had power to make an additional allowance after the decision had been rendered, notwithstanding Code Civ. Proc. § 1769, providing for such allowance only from time to time during the pendency of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 642–657.]

Appeal from Special Term.

Action by Jeanie France Page against Henry W. A. Page. From a judgment awarding plaintiff a separation, alimony, and the custody of her children, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

L. E. Warren, for appellant.
W. M. K. Olcott, for respondent.

INGRAHAM, J. The learned counsel for the defendant conceded that the judgment, so far as it awards a separation, was proper, but he appeals from the provision of the judgment awarding to the plaintiff the custody of the children, the provision for the allowance for the support of the plaintiff and the children, and the allowance of additional counsel fee to the plaintiff. The defendant's objection to the provision awarding to the plaintiff the custody of the children is based upon his contention that the plaintiff is addicted to the use of narcotics and to the excessive use of alcoholic liquors. The court found that:

"The plaintiff has never taken any drugs, except codeine, after her last child was born, which was administered to her by her physician for sleeplessness, and excepting strychnine, which was at about said time also administered to plaintiff by her physician. That plaintiff has never been intoxicated in her life, nor under the influence of drugs."

Counsel for the defendant asserts that his finding is against the weight of evidence. In view of this contention, I have examined this testimony with some care, with the result that, not only was this finding sustained by the evidence, but the evidence of defendant and the other witnesses to the contrary is entirely unworthy of belief. There would

be no advantage in going over this testimony, but the decided impression that remains is that the treatment of the plaintiff by the defendant and those whom he procured to assist him in his designs against her fully justified the determination of the trial judge. In view of the defendant's treatment of his wife, it is not surprising that she was willing to make admissions to secure decent treatment, or to write to him and act towards him with the utmost obsequiousness. The methods adopted to incarcerate the plaintiff in a sanitarium without giving her an opportunity of being heard should receive severe condemnation. There was nothing in the condition of the plaintiff that justified the allegation in the petition that she could not be served personally with notice of the application without danger to her health and life, and, if she had received notice, it is clear that the order would not have been granted. This case illustrates the care that must be taken by judicial officers when it is sought to procure the incarceration of a person in these institutions to see to it that the persons to be deprived of their liberty have an opportunity of being heard, except where there really exists a substantial objection to the giving of the notice required by the statute. Matter of Blewitt, 131 N. Y. 541, 30 N. E. 587. It is apparent in this case that the only reason why the defendant was unwilling that the plaintiff should have had notice of the application was his desire to get her out of the way, and the appreciation by the defendant that no judge would sign such an order if he had seen and conversed with the plaintiff. This whole case shows that the plaintiff has been a devoted mother and a good wife, and that she has been systematically ill treated and abused by the defendant. We also think that the award for alimony was reasonable, that the defendant should at least be compelled to support his wife and children decently, and the judgment in that respect is proper.

The judgment, after awarding to the plaintiff the costs of the action, provided that:

"Upon reading and filing the said annexed affidavit of William M. K. Olcott, verified March 21, 1907, wherein it appears that the parties agreed in open court that the application for additional counsel fees should be made before Mr. Justice Davis upon the settlement of this decree, and it further appearing by said affidavit that [in addition to the $500 paid at the commencement of the action] such additional counsel fee is reasonable and proper, it is further ordered, adjudged, and decreed that within 10 days from the date of entry and service of this decree the defendant pay to the plaintiff or her attorneys the sum of twelve hundred [$1,200] dollars as such additional counsel fee for services of the plaintiff's attorneys up to and including the entry of this decree."

The defendant insists that this provision is unauthorized. The affidavit referred to in the judgment, after stating the services rendered by the counsel for the plaintiff, stated that on October 9, 1906, he had a conference with the then counsel for the defendant in relation to the trial of the action, and at this conference told the counsel for the defendant that he would be compelled to make another motion for an additional counsel fee; that counsel for the defendant then suggested that it would save trouble all around if the plaintiff's counsel postponed that application until the trial of the action, since the justice presiding at the trial would be the best judge of the value of the services;

that, in consequence of this request, counsel for the parties agreed that such application for additional counsel fee should be postponed until the trial; that the trial commenced on January 23d, and continued from day to day until January 29th; that more than $400 has been actually expended in disbursements; that, at the close of the trial, plaintiff's counsel addressed the court in relation to the question of counsel fee, when counsel for the defendant suggested that the amount of additional counsel fee should be left to the court's determination upon the settlement of the decree to be entered upon the decision when it should be handed down, and that in open court this request was complied with; that after the decision of the case a decree was noticed for settlement leaving a blank for the amount of counsel fee, when the present counsel for the defendant was substituted.

The provision authorizing the court to require the husband to pay counsel fees is section 1769 of the Code of Civil Procedure. That section provides:

"Where an action is brought, as prescribed in either of the last two articles, the court may, in its discretion, during the pendency thereof, from time to time, make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action. * * * The final judgment in such an action may award costs in favor of or against either party."

Here the power to direct the husband to pay any sum of money necessary to enable the wife to carry on or defend the action is limited to the pendency of the action. In Beadleston v. Beadleston, 103 N. Y. 402, 8 N. E. 735, the referee had found the defendant, the wife, guilty of adultery, and the court in granting judgment against her allowed to her the sum of $2,500. This allowance was not claimed or granted upon the ground that it was necessary to enable the defendant to carry on her defense to the action. It was held that the allowance was unauthorized; that the purpose of the provisions of section 1769 of the Code of Civil Procedure was to furnish the wife means to carry on her action or to defend the same during the pendency thereof; that the allowance looks to the future; that there can be no necessity for an allowance to make a defense which has already been made or solely to pay expenses already incurred. And the court added:

"We confine our decision to the precise facts of this case, as they appear in the record. We have no doubt that an allowance to a wife during the pendency of the action for some past expense might be authorized if it was shown that its payment was necessary to enable her to further carry on her action or her defense thereto."

This same rule was reapplied in McCarthy v. McCarthy, 137 N. Y. 500, 33 N. E. 550, where it was said:

"The allowance of such an item which has reference to the past within the Beadleston Case is not authorized by the Code. * * * In such an application, if it should appear that in previously carrying on her action the plaintiff had incurred expense, the payment of which was essential to be made in order that she might further maintain or prosecute her rights under the judgment, it would be quite within both the letter and spirit of the statute to comprehend in the allowance the unpaid item of the past."

The rule, therefore, is quite simple. An allowance for counsel fee can be made; but, to justify the court in allowing it, it must appear that the amount awarded was necessary to enable the wife to maintain or defend the action. Whatever the payment may be that appears to be necessary for that purpose, the husband may be compelled to pay. After the case was at issue and when counsel was preparing for trial, counsel for the plaintiff told defendant's counsel that he would have to make an application for an additional counsel fee to enable the plaintiff to try the case. Counsel for the defendant suggested that it would save trouble all around if the counsel for the plaintiff postponed that application until the trial of the action, since the justice presiding at the trial would be the best judge of the value of the services, and that, acting upon that suggestion, counsel for the plaintiff and defendant agreed to postpone the application. That such an agreement was made is sworn to by the counsel for the plaintiff, and the then counsel for the defendant did not in any way deny it. At the time of the conversation the court would have had undoubted power to have then granted this allowance. The defendant's counsel wished to postpone it upon the ground that the trial judge who heard the case would be the better able to pass upon the merits of the application and fix a reasonable compensation for the plaintiff's attorney and counsel than in any application made in advance of the trial. The plaintiff's counsel, relying upon that stipulation, rendered the services to his client, looking to compensation from the award that would be made when the application should be submitted to the court. The case was not, therefore, tried by means of money furnished by the plaintiff or upon her credit, but based upon this stipulation by the defendant's attorney, which binds the defendant, that the application could be made at the time of the trial after the services were rendered, instead of before the services were rendered. And, when the attention of the trial judge was called to this arrangement at the end of the trial, there was then a new stipulation by the defendant's attorney made in open court, and in the presence of the justice who entered the decree, that that question should be settled by the trial justice upon the settlement of the decree.

I think, under these circumstances, that the court had power to make an award as if the application had been made at the time the first agreement was entered into. I can see no reason why the parties cannot agree that a determination as to the amount that the husband is to pay, instead of being made at the commencement of the action, should be determined after the services were rendered. The actual making of the allowance would then relate back to the time at which the agreement was made. Such an agreement is in effect an agreement by the defendant to pay the sum necessary to enable the plaintiff to maintain her action, the amount to be determined by the court when the final judgment in the action is entered. The husband having here made that agreement and those acting for the wife having acted upon it, it is too late, after the court has fixed the amount and decreed its payment, to object to any award upon the ground that the motion should have been made when the husband made the agree-

ment, where the counsel for the wife had acted upon the stipulation and postponed the application for a counsel fee until after the services had been rendered. The action was still pending when the application for a counsel fee was made. It was after the services had been rendered, but the delay was in consequence of the agreement of the defendant that, when the judgment was entered, the application could then be made with the same effect as if made at the time of the agreement. It seems to me, therefore, that the court had power to grant this allowance of counsel fee, and there is nothing to show that that amount was not proper.

My conclusion, therefore, is that the judgment appealed from should be affirmed, with costs. All concur.