JOHN N. HAMILTON, Appellant, v. ED E. SALISBURY et ux., Respondents.

Kansas City Court of Appeals, December 7, 1908.

1. ATTORNEY AND CLIENT: Divorce Suit: Attorney's Fee: Alimony: Separate Suit: Dismissal. Where a husband brings suit in divorce against his wife she is entitled to employ an attorney at his expense since he is bound to provide her necessaries; but in Missouri such fee can only be allowed as suit money in the divorce proceedings and not in an independent suit brought against the husband or the husband and wife; and a dismissal may be set aside on the attorney's motion in order to have his fee assessed.

2. ———: ———: ———: Wife's Liability. Where the wife is without means and the attorney looks to her alimony for his compensation she is not personally bound to pay him; and an instruction set out in the opinion is approved.

Appeal from Randolph Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Martin & Terrill* and *John W. Hamilton* for appellant.

(1) It was necessary for the wife to defend the action for divorce begun by her husband, that she might, thereby, defend her character and good name, also, protect her rights in the property that had been accumulated since her marriage to her said husband, as the result of their joint efforts, which property was all in the name of her husband. R. S. 1899, sec. 2929. (2) Under the facts in this case the legal services rendered by plaintiff, in defending the wife's good name and character, relieve her distress, promote her comfort of body and mind and protect her marital rights in the property of the husband in the suit for divorce brought against her by her husband, were necessaries within the meaning of the law, for which services the husband is liable. Conant v. Burnham, 133 Mass. 503; Porter v. Briggs, 38 Ia. 166; Clyde v. Peavy, 74 Ia. 47, 36 N. W. 883; Sherwin v. Maben, 78 Ia. 467, 43 N. W. 292; Preston v. Dobbin, 65 Ia. 285; McCurley v. Stockbridge, 62 Md. 422; Sprayberry v. Merck, 30 Ga. 81; Stocken v. Patrick, 29 L. T. Exch. (N. S.) 507. (3) The facts in this case being, the wife defending an action against her for divorce brought by her husband is materially different from those in the case of Isbell v. Weiss, as in that case the wife sued the husband for divorce, consequently, the holding of the St. Louis Court of Appeals should not control in the case at bar. Porter v. Briggs, supra. (4) This suit being for necessaries furnished the wife the plaintiff is not relegated solely to the court in which the divorce proceedings were had, but cannot recover in a separate proceeding. Gossett v. Patten, 23 Kan. 340; Fulhart v. Fulhart, 109 Mo. App. 709, 83

S. W. 541. (5) Instruction number 4, given for plaintiff by the court of its own motion, is not a correct statement of the law under the facts and evidence in this case.

*Aubrey R. Hammett* for respondent.

(1) Is the husband liable in an independent action for the wife's attorney fee? We think not. In other words, "An attorney cannot sue a husband directly for services rendered his wife in a divorce suit in this State. Waters v. Waters, 49 Mo. 386; Isbell v. Weiss, 60 Mo. App. 54; Woodward v. Woodward, 84 Mo. App. 328; Fullhart v. Fullhart, 109 Mo. App. 705.

JOHNSON, J.—Plaintiff, a lawyer, brought this action before a justice of the peace against defendants who are husband and wife, to recover an attorney's fee for services rendered the wife in a divorce suit instituted by the husband. It appears from the evidence introduced at the trial in the circuit court that the husband had brought suit against his wife for a divorce on grounds derogatory to her character. She had no means of her own to defend the suit and so told plaintiff at the time she invoked his services in her behalf. He explained that if she had a meritorious defense, his fees would be allowed as alimony against the plaintiff, who had an estate of about $2,000 in value, and that his charge for his services to her would be fifty dollars. She then engaged the attorney and gave him a statement of the facts of the case. The attorney advised her that she not only had a good defense, but was the aggrieved party and, as such, was entitled to a decree in her favor. Thereupon, she instructed him to prepare and file an answer and cross petition and also to make application for temporary alimony, including suit money. The attorney prepared all these papers and was about to file them when husband and wife became reconciled, agreed to live together and the husband

caused the divorce suit to be dismissed. The attorney took no steps to have the order of dismissal set aside for the purpose of obtaining an allowance of his fee as suit money, but brought this, a separate, suit. The court peremptorily instructed the jury to find for the husband defendant, and on behalf of his wife instructed the jury "that even though they may find that the defendant, Millie Salisbury, employed the plaintiff to defend her in the divorce suit, if you further find from the evidence that by the terms of that agreement the plaintiff was to look to Ed Salisbury for his fee and not to Millie Salisbury, then your verdict must be for the defendant."

Thus instructed, the jury returned a verdict in favor of both defendants. Plaintiff appealed.

The first question to engage our attention is whether the facts adduced by plaintiff disclose a liability on the part of the husband for his wife's attorney's fees which may be enforced by the attorney, not in the divorce suit, but in an independent action. Here is a woman whose good name and character were assailed in court by her husband. As the husband dismissed the suit, we must assume he unjustly accused his wife. Being innocent and wholly without means to pay a lawyer to defend her, she was entitled to employ one at the expense of her husband. He was bound to provide her with the necessaries suitable to their station in life and the protection of her fair name was as much a necessary as were food, raiment and shelter. In many jurisdictions, it is held that the attorney employed by a wife to defend a divorce suit to which her defense is meritorious may prosecute an independent suit against the husband for the recovery of his fees. [Conant v. Burnham, 133 Mass. 503; Porter v. Briggs, 38 Iowa 166; Clyde v. Peavy, 36 N. W. 883; Sperwin v. Maben, 43 N. W. 292; Preston v. Dobbin, 65 Iowa 285; McCurley v. Stockbridge, 62 Md. 422; Sprayberry v. Merck, 30 Ga. 81; Gossett v.

Patten, 23 Kan. 240.] But in this State, while the right of the attorney to hold the husband for the reasonable value of his services is upheld (Fullhart v. Fullhart, 109 Mo. App. 705; Waters v. Waters, 49 Mo. App. 385; R. S. 1899, sec. 2926), it was decided by the St. Louis Court of Appeals, in a well-considered opinion written by ROMBAUER, P. J., that a demand of this nature is enforceable against the husband only as alimony and, consequently, cannot be made the foundation of an independent suit. It must be allowed in the divorce suit or not at all. [Isbell v. Weiss, 60 Mo. App. 54.] We are satisfied with this conclusion. Plaintiff could not be deprived of just compensation by the dismissal of the suit. At any time during the term at which the order of dismissal was entered he had the right either with or without the consent of the wife to have the dismissal set aside on his motion for the purpose of the allowance of his demand. Since he did not pursue this course, he had no recourse against the husband defendant and the demurrer to the evidence offered by that defendant was properly sustained. We find no error in the instruction relating to the demand against Mrs. Salisbury. On the hypothesis that she was without means of her own and employed plaintiff under the agreement that he was to look to her alimony for his compensation and not to her personally, she did not become bound to pay him. The jury found for her on this hypothesis, and we perceive no reason for disturbing the verdict.

The judgment is affirmed. All concur.