NICHOLAS LAVECCHIA, RECEIVER FOR PAINE STATISTICAL CORPORA-
TION, A CORPORATION OF NEW JERSEY, v. THE NORTH CAROLINA
JOINT STOCK LAND BANK OF DURHAM.

(Filed 1 February, 1939.)

**Money Received § 1—Person accepting payment must have actual or con-
structive notice that the funds were misappropriated in order to be
responsible.**

While one who knowingly participates in the fruits of misappropriation
is responsible therefor to the person owning the funds misappropriated,
the person accepting the funds must have actual or constructive notice
that the funds are misappropriated, and the acceptance of a check against
funds of a corporation, executed for the corporation by its president, in
payment of an obligation owed by the president of the corporation indi-
vidually, is insufficient to put the payee on notice, and the receiver of the
corporation is not entitled to recover such funds from the payee.

APPEAL by plaintiff from *Cowper, Special Judge,* at November Civil
Term, 1938, of DURHAM.  Affirmed.

This was a civil action instituted by the plaintiff, receiver for Paine
Statistical Corporation, a corporation of New Jersey, to recover certain
funds expended by J. O. Paine, president of Paine Statistical Corpora-
tion, in payment of certain alleged individual debts owed by J. O. Paine
to the defendant, North Carolina Joint Stock Land Bank of Durham,
totaling $7,325, under certain contracts entered into by J. O. Paine
individually with the defendant North Carolina Joint Stock Land Bank.
These payments were made by checks drawn on Paine Statistical Corpo-
ration.

The following is a copy of one of the checks given:

"PAINE STATISTICAL CORPORATION    .        No. 3708
Newark, N. J., March 3rd, 1937.

"Pay to the order of                     .
     N. C. Joint Stock Land Bank                        $5500.00

FIFTY-FIVE HUNDRED AND 00/100............  ...............DOLLARS

                          PAINE STATISTICAL CORPORATION
                                J. O. PAINE, President.
"UNION NATIONAL BANK
in Newark, New Jersey."

(Endorsement on Check No. 3708)

"Deposit to the credit of North
Carolina Joint Stock Land Bank of Durham."

The judgment of the court below was as follows: "This cause coming on to be heard upon the motion of the plaintiff for a judgment on the pleadings, and the court being of the opinion that such motion should not be allowed: Now, therefore, it is hereby ordered, considered and adjudged that the motion of the plaintiff for judgment on the pleadings is denied.   C. V. Cowper, Judge, etc."

To the signing of the foregoing judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.

*W. A. Leland McKeithen, John D. McConnell, and Victor S. Bryant for plaintiff.*

*S. C. Brawley and J. S. Patterson for defendant.*

CLARKSON, J.   The complaint (paragraph 5) alleges, in part: "That in giving said checks of Paine Statistical Corporation as payments for his individual transactions, John Overton Paine misappropriated wrongfully and unlawfully used funds of Paine Statistical Corporation, of which misappropriation and wrongful use of funds defendant had notice in that defendant accepted the said checks drawn on Paine Statistical Corporation, by John Overton Paine, in his capacity as an officer of said corporation, which fully appears from the face of said checks, and that defendant thereby participated in the said misappropriation and wrongful use of said corporate funds and wrongfully received and now unlawfully holds the said funds of Paine Statistical Corporation, although demands for their return have been made by plaintiff."

The defendant in answer to the above allegation says: "It is admitted that the defendant accepted the checks of the Paine Statistical Corporation signed by John Overton Paine, president, and except as herein admitted all of the other allegations contained in paragraph 5 of the complaint are untrue and are denied."

The principle of law in *Dancy v. Duncan,* 96 N. C., 111 (117), is thus stated: "The case of *Smith v. Fortescue,* Busb. Eq., 127, fully warrants the present proceeding, and is almost a direct decision in favor of the judgment.   The conduct of Whitaker in his voluntary participation in the wrongful disposal of the note, and appropriation of it to the executor's own debt, renders him equally liable to be called on to restore the money to those thus defrauded.   He will not be permitted thus to use trust funds when he is fully aware of their nature, or there are circumstances to awaken suspicion and put him on inquiry.   The authorities upon this point are numerous, and we refer to a few.   *Exum v. Bowden,* 2 Ired. Eq., 281; *Wilson v. Doster,* 7 Ired. Eq., 231; *Lemly v. Atwood,* 65 N. C., 46."   *Ruffin v. Harrison,* 90 N. C., 569; see *Mfg. Co. v. Bell,* 193 N. C., 367.

It is well settled that he who knowingly participated in the fruits of the misappropriation is responsible. The complaint alleges that the only notice plaintiff had was the fact that the checks were signed "Paine Statistical Corporation, J. O. Paine, Prest." We do not think that this was sufficient to put defendant on notice that the checks were not *bona fide*. Any other rule would hamper seriously business transactions of this kind which are carried on every day. There must be actual or constructive notice before liability would attach to one who takes a check of the kind given in this case. *Bank v. Crowder,* 194 N. C., 312.

In *R. R. v. Kitchin,* 91 N. C., 39 (44), it is said: "Where one of two persons must suffer loss by fraud or misconduct of a third person, he who first reposes the confidence or by his negligent conduct made it possible for the loss to occur, must bear the loss." *Bank v. Liles,* 197 N. C., 413; *Lightner v. Knights of King Solomon,* 199 N. C., 525; *Shuford v. Brown,* 201 N. C., 17 (24); *White v. Johnson & Sons Co.,* 205 N. C., 773; *R. R. v. Lassiter & Co.,* 207 N. C., 408 (415).

For the reasons given, the judgment of the court below is

Affirmed.