Helen M. **HOGSETT**, Plaintiff,

William D. Cosgrove, Movant-Appellant,

v.

Joseph R. **HOGSETT**, Defendant-Respondent.

No. 24560.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1966.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1966.

Application to Transfer Denied Jan. 9, 1967.

Thomas A. Sweeny, Kansas City, for movant-appellant.

Marshall W. Lyons, Kansas City, for respondent.

BLAIR, Judge.

On this appeal the facts relevant to a decision are not in dispute and the questions presented are purely legal ones. In September, 1964, Helen M. Hogsett commenced a divorce suit against Joseph R. Hogsett and filed a motion for "temporary alimony, suit money and attorney's fees". For more than a year thereafter the parties and their attorneys engaged in extensive negotiations in an effort to reach an agreement on the amount to be paid Mrs. Hogsett if a divorce was ultimately granted. Mrs. Hogsett died on October 1, 1965, while the divorce suit was still pending. The motion for temporary alimony, suit money and attorney's fees had never been presented to the court. On October 26, 1965, a suggestion of Mrs. Hogsett's death was filed by Mr. Hogsett in the Circuit Court where the divorce suit had been pending. On October 12, 1965, the Probate Court of Jackson County entered an order refusing letters of administration in the estate of Mrs. Hogsett. From the commencement of the divorce suit until Mrs. Hogsett's death she was represented by Mr. William D. Cosgrove, an attorney-at-law. On Jan-

uary 5, 1966, Cosgrove filed what he regards as a motion in the divorce proceeding: "Motion Of William D. Cosgrove To Be Substituted As A Party Plaintiff Herein And For A Court Order Allowing Him Attorney's Fees And Reimbursement For Expenses Necessarily Incurred In The Prosecution Of The Divorce Action." He alleged that the motion for temporary alimony, suit money and attorney's fees filed in September, 1964, was still pending before the court and that his claim for "attorney's fees and expenses" incurred in the prosecution of the divorce suit was not "extinguished" by the death of Mrs. Hogsett. He requested the court to enter an order substituting him as the personal representative of Mrs. Hogsett, in accordance with Civil Rule 52.12(a), V.A.M.R. and Sec. 507.100, subd. 1.(1), V.A.M.S., and to award him reasonable attorney's fees for services rendered Mrs. Hogsett during her lifetime and reimbursement for expenses (really suit money) he necessarily incurred in the prosecution of her divorce suit, all in the total amount of $15,000.00.

On February 1, 1966, Cosgrove filed what he regards as a motion in the divorce proceeding: "Motion Of William D. Cosgrove To Substitute William S. Morris, Administrator of the Estate Of Helen M. Hogsett, As An Additional Party Plaintiff Herein And For A Court Order Allowing *Cosgrove* Reasonable Attorney's Fees And Reimbursing Him For Expenses Necessarily Incurred In The Prosecution Of The Divorce Action". (Emphasis Supplied) The motion is referred to in the record as an "alternative motion". In it he alleged that the Probate Court of Jackson County had entered an order setting aside its previous order refusing letters of administration in the estate of Mrs. Hogsett and had granted such letters to William S. Morris, Public Administrator on January 26, 1966. He requested the court to substitute the Public Administrator as an additional party plaintiff in the divorce proceeding, as the duly appointed and quali-

fied personal representative of Mrs. Hogsett, in accordance with Civil Rule 52.12 (a) and Sec. 507.100, subd. 1.(1), V.A.M.S., and to enter an order awarding him *(Cosgrove)* reasonable attorney's fees for services rendered Mrs. Hogsett during her lifetime and reimbursement for expenses (again suit money) he necessarily incurred in the prosecution of her divorce suit, all in the total amount of $15,000.00.

Thereafter Cosgrove presented both of his motions simultaneously to the trial court. At the outset, counsel for Mr. Hogsett objected to any evidence in support of the motions on the ground that the court's jurisdiction had been terminated by the death of Mrs. Hogsett. Reserving its ruling on this objection, the court heard evidence in support of the motions. Cosgrove established that from the commencement of the divorce suit until the death of Mrs. Hogsett he had rendered her valuable legal services. Beyond any doubt he represented her with energy, skill and fidelity. The court denied both motions and assigned as its reason that the death of Mrs. Hogsett caused the divorce suit to abate and that it therefore had no jurisdiction to entertain and adjudge the motions. Cosgrove appeals.

The allowances Cosgrove is seeking fall within the broad category of alimony, for allowances for support of the wife, suit money and attorney's fees are alimony. Anderson v. Anderson, Mo.App., 404 S.W.2d 206, 209; Howard v. Howard, Mo.App., 300 S.W.2d 853, 855; Noll v. Noll, Mo.App., 286 S.W.2d 58, 61; Knebel v. Knebel, Mo.App., 189 S.W.2d 464, 466; Waters v. Waters, 49 Mo. 385, 388. The authority to award alimony, whether permanent or pendente lite, is found in Sec. 452.070, V.A.M.S., whose pertinent part reads: "When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, * * * as, from the circumstances of the parties and the nature of the case, shall

be reasonable, * * *. The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper, and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases." It is settled that allowances for alimony and all it embraces must be made in a divorce proceeding by authority of Sec. 452.070 V.A.M.S., or not at all. Such allowances cannot be made in any other proceeding. Fiorella v. Fiorella, 241 Mo.App. 180, 240 S.W.2d 147, 151; Hamilton v. Salisbury, 133 Mo. App. 718, 114 S.W. 563, 564; Isbell v. Weiss, 60 Mo.App. 54, 56; Knebel v. Knebel, Mo. App., 189 S.W.2d 464, 466. Moreover, by the clear terms of Sec. 452.070, V.A.M.S. such allowances must be decreed to the wife and no allowances can be made to her attorney for the decisive reason that her attorney is not a party to the suit and cannot be in the absence of an authorizing statute and there is none. Anderson v. Anderson, supra, 404 S.W.2d 1. c. 209; Howard v. Howard, supra, 300 S.W.2d 1. c. 855; Noll v. Noll, supra, 286 S.W.2d 1. c. 61; Knebel v. Knebel, supra, 189 S.W. 2d 1. c. 466; Kaltwasser v. Kaltwasser, Mo. App., 197 S.W.2d 102, 104; Bovard v. Bovard, 233 Mo.App. 1019, 128 S.W.2d 274, 276.

Cosgrove cites Hamilton v. Salisbury, 133 Mo.App. 718, 114 S.W. 563, Isbell v. Weiss, 60 Mo.App. 54, Fiorella v. Fiorella, 241 Mo. App. 180, 240 S.W.2d 147, Fullhart v. Fullhart, 109 Mo.App. 705, 83 S.W. 541, and decisions from other jurisdictions to support his claim that the trial court should have granted his motion for an attorney's fee and reimbursement for expenses necessarily incurred in the prosecution of the divorce suit. Sufficient it is to say here that in all of the above decisions by the courts of this state which he cites the award was made to the wife and not to her attorney and that decisions from other

jurisdictions at variance with the settled rule in this state cannot be followed.[1]

Cosgrove cites also Waters v. Waters, 49 Mo. 385, a divorce proceeding, as authority for an allowance directly to him. It is true that the Supreme Court stated in the first paragraph of its opinion in Waters that the trial court "allowed" the attorney for the wife "the sum of $40, which was taxed in the costs against the plaintiff". Holding that "under our practice there is no warrant for taxing counsel fees in a bill of costs except in partition", the court was express in saying that the award for attorney's fees should have been made under authority of Wagn.Stat., p. 535, Sec. 12, which then read: "The court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases" (the same provision is embraced in Sec. 452.070, V.A. M.S., supra). "The allowance, then, under consideration should have been made to the defendant in her own name of a reasonable sum to meet the expenses of the suit, leaving her to make her own terms with her own counsel * * *." Nonetheless, it finally said "Nothwithstanding the irregularity in the manner of making the allowance, the plaintiff is not injured by it. The amount is not shown to be excessive, nor is it misappropriated. To reverse the judgment in order to allow the court to change the form of the allowance, is not called for by any considerations of injustice in the judgment as it now stands, and it will be affirmed." We discover no instance where any appellate court of this state has ever regarded Waters as a precedent authorizing an allowance of attorney's fees directly to counsel in a divorce suit, and neither do we. We regard Waters only as an expedient disposition of a single case with the admonition that attorney's fees should be allowed in all future divorce proceedings to the wife and not to the attorney. Obviously, all other courts speaking on this subject have regarded it in the same light as evidenced by the unbroken line of decisions we have cited above.

Cosgrove asserts that Civil Rule 52.12 (a) and Sec. 507.100, subd. 1(1), V.A. M.S.[2] are authority for him to become a party to the divorce proceedings and to obtain an order making allowances directly to him. It is true that the civil rule and the statute both declare that if a party dies and the claim involved is not thereby "extinguished", the court may order substitution of the *"proper* parties" on motion by the successors or representatives of the deceased party or by any party. There is no suggestion in the civil rule or the statute that Cosgrove is or can be a proper party and we have established that he is not and cannot be in the absence of an authorizing statute. None exists.

Cosgrove asserts that "an application for counsel fees in a divorce action is an independent proceeding" and for that reason the trial court was authorized to make the allowances he seeks directly to him. He cites State ex rel. Gercke v. Seddon, 93 Mo. 520, 6 S.W. 342; Libbe v. Libbe, 166 Mo. App. 240, 148 S.W. 460; Meredith v. Meredith, Mo.App., 151 S.W.2d 536; Noll v.

---

1. Briggs v. Briggs, 215 N.C. 78, 1 S.E.2d 119; Ballard v. Caperton, (Ky.) 2 Metc. Rep. 412; Gunther v. Gunther, (Tex.Civ. App.) 301 S.W.2d 207 l. c. 208; Griffith v. Speaks, 111 Ky. 149, 63 S.W. 465; United States v. Reis, 10 Cir., 214 F.2d 327; Etz v. Perlman, 103 N.J.Eq. 425, 153 A. 549; Page v. Page, 124 App.Div. 421, 108 N.Y.S. 864.

2. Civil Rule 52.12(a): "If a party dies and the claim is not thereby extinguished, the court shall on motion order substitution of the proper parties. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of the hearing, shall be served on the parties as provided in Rule 43.-01, and upon persons not parties in the manner provided for the service of a summons." Idem Sec. 507.100, subd. 1 (1), V.A.M.S. from which Civil Rule 52.-12(a) is derived.

Noll, Mo.App., 286 S.W.2d 58; Gross v. Gross, Mo.App., 319 S.W.2d 880, but he fails to tell us how they aid him. Typical of all of these decisions is State ex rel. Gercke v. Seddon, supra, which says "The power of the court to order and enforce an allowance for alimony pendente lite, though an adjunct of the action of divorce, is an independent proceeding, standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits." There are decisions other than those cited which describe such a proceeding in the same way. However, what the courts were saying in all of those decisions was only that a proceeding resulting in an order allowing or denying alimony pendente lite is an "independent proceeding" in the sense that the order is appealable, regardless of the merits or final outcome of the divorce suit, and that the order becomes final unless an appeal is prosecuted. The statements in those decisions obviously are not a repudiation of the rulings of our appellate courts that alimony pendente lite and all it embraces can be allowed only in a divorce suit by authority of the divorce laws and they are not authority for allowing an attorney to become a party to a divorce suit and to have allowances made directly to him.

For the foregoing reasons alone, as well as others we will next discuss, Cosgrove's first motion filed January 5, 1966, seeking to have himself substituted as a party plaintiff and praying for an order allowing him attorney's fees and reimbursement for expenses necessarily incurred in the prosecution of the divorce suit, was properly denied by the trial court.

We next consider Cosgrove's second motion filed February 1, 1966, requesting the court to substitute the public administrator as an additional party plaintiff in the divorce proceeding, as the duly appointed and qualified personal representative of Mrs. Hogsett, and to enter an order awarding him (*Cosgrove*) attorney's fees and suit money and we consider further Cosgrove's

first motion with which we have just dealt. Cosgrove's second motion did not seek any allowance to the public administrator to become a part of the assets of the estate of Mrs. Hogsett and the public administrator sought none. All that was sought was an allowance to Cosgrove. Somehow he thought that the mere presence of the public administrator in the proceeding, without more, would authorize an allowance to himself, although why this might be true is not suggested in any way. Obviously, or so it seems to us, the actual movant in the second motion was Cosgrove alone seeking an allowance for himself alone. On this account, the reasons requiring a denial of his first motion ought to require a denial of his second motion. However, we do not choose to dispose of this appeal on this ground.

We inquire whether the trial court was correct in ruling that the death of Mrs. Hogsett caused the divorce suit to abate and that it therefore had no jurisdiction to entertain and adjudge the motions. Cosgrove contends "that the death of Mrs. Hogsett did not abate appellant's claim for counsel fees." His reliance is on Waters v. Waters, 49 Mo. 385; Dees v. Dees, Mo. App., 258 S.W.2d 243; Hamilton v. Salisbury, 133 Mo.App. 718, 114 S.W. 563; Isbell v. Weiss, 60 Mo.App. 54; Fiorella v. Fiorella, 241 Mo.App. 180, 240 S.W.2d 147; Fullhart v. Fullhart, 109 Mo.App. 705, 83 S.W. 541. It suffices to say that there is nothing in Hamilton, Isbell, Fiorella or Fullhart that furnishes any support for Cosgrove's position and that an analysis of those rulings would only prolong this opinion unduly.

In Waters, the husband sued the wife for divorce. The wife applied for an attorney's fee. Before the allowance could be made the husband dismissed his suit. Nevertheless, the trial court, following the dismissal, allowed an attorney's fee and the Supreme Court affirmed saying "This, it may be said, was not an order pending the suit, for the reason that while the court had the matter under consideration the plaintiff

dismissed his suit. I cannot imagine that he could defeat the application in this way, although the fact that the prosecution was to end should affect the amount to be allowed. If the friends of the wife gave her such credit as to enable her to properly appear to the suit, trusting to her ability to obtain an allowance to reimburse them after she had appeared and applied for the proper sum, the application is not only made pending the suit, but it would be a fraud upon her rights to permit the husband to defeat it by then dismissing the proceeding." In Dees, the St. Louis Court of Appeals, in a similar case, followed Waters and affirmed an allowance of an attorney's fee to the wife after the husband dismissed his suit. In neither Waters nor Dees did the courts deal with the question whether an attorney's fee could be awarded to the wife following dismissal of the suit and after the dismissal became *final.*

■ In Schenberg v. Schenberg, Mo. App., 307 S.W.2d 697, the wife sued for separate maintenance and the husband filed an answer and cross bill for divorce. The wife filed an application for an allowance for attorney's fees. At the hearing on the merits, the husband dismissed his cross bill for divorce and the court, after hearing the evidence on the petition for separate maintenance, dismissed it for "failure of proof". No order was made on the application for attorney's fees. No motion for a new trial was filed and no appeal was prosecuted. The dismissals were entered on April 30, 1956. On May 9, 1956, the court conducted a hearing on the wife's application for attorney's fees and took it under advisement. It failed to act on the application until after the lapse of thirty days following the dismissals at which time they became final. On August 14, 1956, the court did finally make an order allowing attorney's fees and directed its entry nunc pro tunc. On appeal the St. Louis Court of Appeals reversed saying "There is nothing to which jurisdiction to allow attorneys' fees pendente lite can attach when jurisdiction over the principal case is lost. * * * Temporary

allowances *pendente lite* cannot be made after final decree or dismissal, either in suits for separate maintenance * * * or divorce cases." Obviously, the word "final" was applied both to a final decree on the merits and a dismissal after it becomes final. The court cited numerous decisions from our courts and from courts of other jurisdictions. Its reasoning was that divorce suits are no longer pending after final decree or final dismissal and that thereafter courts have no jurisdiction of the parties or of the subject matter of the suit. The court took notice of Waters and Dees. "We are not unmindful of Waters v. Waters, 49 Mo. 385, followed by us recently in Dees v. Dees, Mo.App., 258 S.W.2d 243, holding that the dismissal of a divorce petition *by a husband* while the application of the wife for a temporary allowance was pending did not defeat the wife's claim, which could thereafter be asserted; that under those circumstances the application is not only made pending the suit but it would be a fraud upon the wife to permit the husband to defeat her rights by dismissing the proceeding. These cases are clearly distinguishable from the instant situation." It is worthy of note that Dees and the case we are discussing were both written by the same author. In Williams v. Williams, Mo.App., 349 S.W. 2d 422, the same court of appeals reaffirmed this Schenberg ruling that courts have no jurisdiction to grant an attorney's fee after a final decree or a final dismissal because "the jurisdiction of the court over the principal case has been lost." We find no contrary ruling and we agree entirely with the St. Louis Court of Appeals for we have ruled the same way. Fox v. Fox, Mo.App., 312 S.W.2d 362.

■ Beyond question, the rule in this state is that a suit for divorce abates at the time of the death of either spouse. Young v. Young, 165 Mo. 624, 65 S.W. 1016; Heil v. Rogers, Mo.App., 329 S.W.2d 388; Shepler v. Shepler, Mo.App., 348 S.W.2d 607; Schumacher v. Schumacher, Mo.App., 223 S.W.2d 841; State ex rel Walker v.

Crouse, Mo.App., 205 S.W.2d 749; In Re Wakefield, 365 Mo. 415, 283 S.W.2d 467. Thereafter there is no suit for divorce pending. The overwhelming weight of authority in this country is to the same effect. 27A C.J.S. Divorce § 100, p. 348; 24 Am.Jur.2d, Divorce and Separation, Sec. 182; Nelson, Divorce and Annulment, 2d Ed., Vol. 3, Sec. 27.10, p. 111; Kesser, Marriage and Divorce, 3rd Ed., Sec. 532, p. 576; Schouler, 6th Ed., Marriage, Divorce, Separation and Domestic Relations, Sec. 1677, p. 1678; Annotations: 104 A.L.R. 654, 158 A.L.R. 1206. Our research has discovered no decision by our appellate courts, and none has been presented, squarely holding that the abatement of a divorce suit resulting from the death of the wife forecloses an allowance for attorney's fees. This is of no consequence. What is of consequence is that the death of either spouse abates the entire suit, and all of its features, and thereafter, we repeat, no divorce suit is pending. Nevertheless, Cosgrove argues that the decisions by our appellate courts do not apply to his motions for an allowance of attorney's fees and expenses because those decisions, he says, embrace only instances where our appellate courts (1) denied courts the right to enter a decree of divorce nunc pro tunc after the death of one of the parties and the abatement of the divorce suit, and (2) denied courts the right to enter an order modifying a divorce decree awarding custody of children after the death of one of the parties and the abatement of the divorce suit. He is quite right in his description of those rulings but we see no merit in the distinction he desires us to make. Those rulings cannot be isolated from the broad rule of abatement in divorce suits in this way. Their force cannot be confined to their peculiar or individual fact situations. All were grounded on the broad rule that the death of one of the parties to a divorce suit results in the immediate abatement and final termination of that suit and ousts the court of all jurisdiction of the person of the parties and of the subject matter of the suit and of all right to make any further order in the suit. To put it otherwise, those rulings mean that the abatement and final termination of the divorce suit which results as a consequence of the death of one of the spouses entirely destroys the divorce suit and leaves no divorce suit in which the court can make any order at all.

■ We have demonstrated that although an application for attorney's fees for services to the wife in a divorce proceeding is described as "an independent proceeding", it must be granted in the divorce proceeding or not at all. We have demonstrated that attorney's fees, however deserved, cannot be granted after a final decree or a final dismissal of the divorce proceeding because the "jurisdiction of the court over the principal case has been lost" and there is then no divorce proceeding pending. By the same reasoning, Cosgrove's motions are not motions in a pending divorce proceeding because the jurisdiction of the court over the entire cause entitled "Hogsett v. Hogsett" was lost by the abatement and final termination of that suit as a result of the death of Mrs. Hogsett and regrettably no divorce proceeding is pending in which the allowances he seeks can be made. We cannot follow the decisions he cites from other jurisdictions which he argues to be at variance with what we hold to be the abatement rule in this state.[3] We must follow the rule long established in this state. We do.

For all of the reasons we have announced, the trial court properly denied both of Cosgrove's motions and the judgment must be affirmed. It is so ordered.

All concur.

3. Briggs v. Briggs, 215 N.C. 78, 1 S.E. 2d 119; Ballard v. Caperton, (Ky.) 2 Metc.Rep. 412; Gunther v. Gunther, (Tex.Civ.App.) 301 S.W.2d l. c. 208; Griffith v. Speaks, 111 Ky. 149, 63 S.W. 465; United States v. Reis, 214 F.2d 327; Etz v. Perlman, 103 N.J.Eq. 425, 153 Atl. 549; Page v. Page, 124 App.Div. 421, 108 N.Y.S. 864.