**Billy D. SMITHART, Respondent,**

v.

**Luella SPORTSMAN, Administratrix of the Estate of Shirley Lea Smithart, Appellant.**

**No. WD 31625.**

Missouri Court of Appeals, Western District.

March 30, 1981.

George Scott Murray, Kansas City, for appellant.

J. Michael Murphy, Liberty, for respondent.

Before PRITCHARD, P. J., SWOFFORD, J., and MURPHY, Senior Judge.

MURPHY, Senior Judge.

The parties on this appeal seek rulings on two related issues:

One, the authority of the trial court after the death of one party in a pending proceeding to modify a decree of dissolution, to enter an award for attorney fees.

Two, the authority of the trial court under the same circumstances to enter an award for accrued litigation costs.

We decline consideration of the first issue as not properly before the court and affirm the ruling of the trial court on the second issue denying the motion for litigation costs.

A brief statement of the facts and procedural aspects of the case will suffice to define the issues.

On May 27, 1975, respondent Billy D. Smithart and Shirley Lea Smithart were divorced in the circuit court in Clay County. Respondent was ordered to pay maintenance in the sum of $250 per month and to provide supplemental medical insurance to Mrs. Smithart, an invalid living in a nursing home in Branson, Missouri. On September 5, 1978, respondent filed a motion to eliminate or reduce the maintenance and the supplemental medical insurance. Mrs. Smithart filed a denial and asked for reasonable attorney fees and her litigation expenses. Thereafter on October 22, 1979, a hearing was held at which Mrs. Smithart testified that she had incurred reasonable attorney fees of $400 in defending the motion and that her expenses for travel to attend the trial amounted to $400. The court took the case under advisement. On November 10, 1979, Mrs. Smithart died and on November 16 a suggestion of her death was filed. On January 18, 1980, the court entered judgment awarding attorneys fees (in the sum of $400) to the attorneys for Mrs. Smithart and denying her request for expenses. In the judgment entry the court stated that it did not have authority to enter a judgment for the deceased for her expenses but did have authority under § 452.355 of the Revised Statutes to award attorney fees directly to her attorney.

The appellant on this appeal—substituted by joint stipulation of the parties—is the mother of Mrs. Smithart and executrix of her estate. She appeals only the ruling denying the award of litigation costs. Respondent, against whom the judgment for attorney fees was entered, did not appeal from the ruling; nor did he file a brief nor make oral argument in appellant's appeal. The parties, however, stipulated that both issues—the authority of the court to award attorney fees and the authority to award litigation costs—were to be contested on appeal.[1]

■ So far as can be determined from the record, the alleged error in awarding attorney fees was not called to the attention of the trial court for corrective action, no appeal was taken therefrom; Rule 84.04, on the content of briefs, and Rule 81.04 on "Appeals When and How Taken", have not been complied with. This court, clearly, is not bound by a stipulation entered into between the parties which in effect provides that an issue be determined on appeal in a manner contrary to its own rules. Under the circumstances the point has not been preserved for review. *Cowden v. Sun Oil Co. of Pennsylvania*, 583 S.W.2d 547, 549 (Mo.App.1979).

As to the issue of the refusal of the trial court to award litigation costs, it has been held in Missouri that on the death of one party to a dissolution of marriage suit, the action abates—in the sense that it is extinguished—with loss of the court's jurisdiction over all matters incidental thereto, including jurisdiction to make any further determination of litigation costs. *Hogsett v. Hogsett*, 409 S.W.2d 232 (Mo.App.1966):

"... the death of either spouse abates the entire suit, *and all of its features*, and thereafter ..., no divorce suit is pending. ... the broad rule [is] that the death of one of the parties to a divorce suit results in the immediate abatement and final termination of that suit and *ousts the court of all jurisdiction of the person of the parties and of the subject matter of the suit and of all right to make any*

*further order in the suit*. To put it otherwise, ... the abatement and final termination of the divorce suit which results as a consequence of the death of one of the spouses entirely destroys the divorce suit and leaves no divorce suit in which the court can make *any order* at all" (emphasis supplied). *Hogsett v. Hogsett, supra* at 238.

*Hogsett* was decided prior to the enactment of the Dissolution of Marriage Act, §§ 452.300–452.415, RSMo 1978, which was in effect at the time of the ruling in this case. The broad language, however, is applicable under the present statute, which makes no provision for survival of claims for litigation costs.

■ The rule in *Hogsett* applies as well to motions for modification filed subsequent to the granting of the decree of dissolution. Although often referred to as "independent actions", such motions are in a sense a continuation of the original action for dissolution, *Mince v. Mince*, 481 S.W.2d 610 (Mo. App.1972); *Crooks v. Crooks*, 197 S.W.2d 678, 685[17] (Mo.App.1946); *Haagen v. Haagen*, 11 S.W.2d 757, 758[2] (Mo.App. 1928), and are ancillary thereto. *Herhalser v. Herhalser*, 401 S.W.2d 187, 193 (Mo.App. 1966). As an action based on an action which does not survive, they abate along with the original action for dissolution and the court thereupon loses jurisdiction of the person and the subject matter. 20 C.J.S. Costs § 65 (1940). Thereafter no orders for litigation costs can be made. Nor can such claims for litigation costs be revived under § 507.100, RSMo 1978, providing for substitution of parties. This statute applies only "if a party dies and the claim is not thereby extinguished".

■ Appellant's contention that the court had authority to award litigation costs by an order *nunc pro tunc* is without merit. An entry of judgment *nunc pro tunc* is authorized only in rare instances where a trial court actually determined upon judgment before the action abated by

---

1. Counsel evidently agreed to handle the appeal in this unusual fashion in order to reduce costs.

death; and there is written evidence that he did so. *Young v. Young*, 165 Mo. 624, 65 S.W. 1016 (1901); *Heil v. Rogers*, 329 S.W.2d 388 (Mo.App.1959); 24 Am.Jur.2d, Divorce and Separation, § 422 (1966). Here there was no evidence that the court took any action of any kind prior to the death of Mrs. Smithart on either the motion to modify the maintenance award or the motion for litigation costs.

Judgment affirmed.

All concur.