ELI ERVIN, Defendant in Error, v. TERRENCE BRADY AND LUCINDA BRADY, Plaintiffs in Error.

1. *Judgment, former, when bar to suit.*— An action to have defendant's dower in certain lands admeasured will be barred by a former judgment between plaintiff's grantor and defendant, based on a proceeding to have dower assigned in the same land.

2. *Practice, civil — Judgment, finding of facts in.*— A court sitting as a jury is not bound to incorporate in its judgment a finding upon every fact which may arise in the cause.

*Error to Cape Girardeau Circuit Court.*

*L. Brown*, for plaintiffs in error.

I. It does not appear that the former judgment pleaded in this cause was a decision on the merits. Hence it was no bar. (Ridgely v. Stillwell, 27 Mo. 128 ; Taylor v. Larkin, 12 Mo. 103 ; Bell v. Hoagland, 15 Mo. 360.)

II. Where a cause is submitted without a jury, judgment must show that all the issues have been passed upon (Russell v. Bar-

croft, 1 Mo. 514 ; Marmaduke v. McMasters, 24 Mo. 51), and cover all the issues made by the pleadings ; otherwise it is insufficient (Downing v. Bourlier, 21 Mo. 149), and warrant the conclusions of law and judgment rendered thereon. (Pearce v. Burnes, 22 Mo. 577; Pearce v. Roberts, 22 Mo. 582 ; State v. Ruggles, 23 Mo. 339.)

*G. H. Green* and *L. Houck*, for defendant in error.

No finding of the facts by the Circuit Court was necessary. (Judge v. Booge, 47 Mo. 545.)

WAGNER, Judge, delivered the opinion of the court.

This action was brought by the plaintiff to have dower in certain lands admeasured and set off to the defendant as the widow of her former husband, one Masterson, deceased. The plaintiff claimed an interest in the premises by purchase from some of the heirs. The defendant's answer contained two counts : the first set up an interest under the homestead law, and the second a former judgment between the plaintiff's grantor and the defendant, on a proceeding. to have dower assigned in the same land.

The court found against the defendant on the first count, and in her favor on the second count, and held that the former judgment was an effectual bar, and thereon rendered judgment in her favor.

The counsel for the defendant then made a motion to amend the judgment so as to incorporate in it certain findings of fact. This the court overruled, and that constitutes the only error complained of.

We know of no law requiring the court to specifically state in the judgment every fact which may arise in the cause. The judgment was for the defendant, and is a complete bar to any further action by the plaintiff for the same cause, and. we do not see that the defendant can reasonably ask for anything more.

Judgment affirmed. The other judges concur.