CASPER REESE *v.* CHARLES H. COOK ET AL. ; Issues between CHARLES H. COOK, Interpleader, Appellant, and DAVID S. GILMORE, Respondent.

May 4, 1885.

1. PRACTICE—SUSTAINING FINDINGS OF LOWER COURT—CASE ADJUDGED. One Roberts, who was a contractor on the Quincy, Missouri and Pacific Railway Co., which was being constructed through Grundy county, was largely indebted to various parties, and at the same time there was due him from plaintiff Reese, $1,331.53. Gilmore and Cook each sued Roberts by attachment, and each garnished Reese, Gilmore being one day ahead of Cook in his attachment and garnishment.   Reese paid what he owed Roberts to the clerk of the court (or into court), and brought his bill of injunction against Gilmore and Cook, asking that they be perpetually enjoined from prosecuting their proceedings against him. The injunction was granted, but retained on docket for purpose of determining between interpleaders.   This contest is between them, Gilmore and Cook.

2. SAME—TRIAL BEFORE SPECIAL JUDGE—MANNER OF ITS CONDUCT AND ITS EFFECT AS TO REVIEW.—The issues in this case were tried before a special judge, without the intervention of a jury, without instructions, and without any objection to any portion of the testimony.   The cause was submitted to the court on all the testimony, including the facts just above stated, with others as to the date of judgments against Roberts, and the amount of money remaining, which was paid in court, in the manner just stated.   The court has made its finding and rendered its judgment ; and it is enough for this court, that it

sees sufficient in the record, by which that finding and judgment may be sustained. The trial court was not bound to make a statement of its findings, much less to state what was the controlling question influencing its judgment.—*Parkison* v. *Kaplinger*, 65 Mo. 294; *Erwin* v. *Brady*, 48 Mo. 560.

APPEAL from Grundy Circuit Court, HON. J. H. SHANKLIN, Special Judge.

*Affirmed.*

The facts sufficiently appear in the opinion of the court.

GEORGE HALL, for the appellant.

I. The court, by its finding and judgment, decided that the attachment proceedings of appellee Gilmore, the garnishment of plaintiff Reese and judgment against Roberts, being prior to appellant's proceedings in point of time entitled him to the money garnished, as against appellant; that the issues as to partnership and fraud did not constitute a defence to appellee's claim; and the court ignored or failed to find upon these two issues. This was error. The interpleaders for the fund in court were bound, respectively, to establish their claim against Roberts. And the appellant was not bound in any manner by appellee's attachment proceedings against Roberts, being no party to it.

II. Appellant therefore had the right to contest Gilmore's claim to the money.—Sect. 447, Rev. Stat., 1879, p. 71. In addition to this, the record shows that it was by the agreement of these parties, that the injunction case was to remain on the docket, and the parties were to interplead for the money attached.

III. The testimony shows that Gilmore was a partner with Roberts, and had an interest in the railroad contract and money. And if this was partnership money, the plaintiff Reese did not owe Roberts, but the firm of Gilmore & Roberts. And if Gilmore was a dormant partner of Roberts, he was just as much liable for the debt of appellant Cook, as was Roberts.— *Winship* v. *Bk. U. S.*, 5 Peters 561; *Richardson* v. *Farmer*, 36 Mo. 35. And if the note Gilmore had on Roberts did

VOL. XVII—33

not grow out of the partnership business, he could not seize the partnership effects in the hands of a creditor of the firm, by attachment and garnishment.—*Sheedy* v. *2nd Nat. Bk.*, 62 Mo. 17. And if Gilmore's debt is valid and originating outside of partnership business, as the money garnished was partnership money and Cook's debt is a partnership debt, it is preferred.—*Lucas* v. *Lucas*, 27 Penn. St. 211.

IV. If Gilmore's proceedings were fraudulent, it was a good defence to his claim for the money. The testimony clearly shows they were, and shows an understanding and concert of action between Roberts and Gilmore, and a conspiracy between them to defraud Cook.

V. It was the duty of the court to find upon the issues, and a failure to do so is error, which was called to the attention of the court by the motion in arrest.—*Steward* v. *Hadley*, 55 Mo. 235 ; *Leeper* v. *Lyon*, 68 Mo. 216 ; *Owens* v. *R. R. Co.*, 58 Mo. 386.

VI. Appellant's interplea was in the nature of a suit to set aside appellee's attachment proceedings. There were two causes of action in the interplea, and there should have been a separate finding on each, instead of neither one.—*Brownell* v. *Pac. R. R. Co.*, 47 Mo. 239 ; *Brady* v. *Conley*, 52 Mo. 19.

R. A. De Bolt, for respondent Gilmore.

I. The assignment of errors appears first in additional brief. It comes too late. His assignment of errors should be disregarded and the judgment affirmed.

II. The money in controversy was garnished in the hands of Reese. This process held it as firmly in the hands of the clerk as in the hands of the garnishee ; and the reduction of his claim against Roberts to a judgment, established the prior lien of Gilmore upon the money so firmly, that it could not be destroyed by any subsequent proceedings, except a dissolution of the attachment. The order perpetuating the injunction, discharging the garnishee, and allowing the parties to interplead for the money, did not change the rights or relations of the parties. The order left the parties in the same position that

it found them. At the trial respondent's judgment was admitted by Cook.—Drake on Attachment, sects. 224, 453 and 455 ;. *Luckey* v. *Seibert*, 23 Mo. 85. Cook neglected to set up any defence, or make any complaint whatever, to Gilmore's suit in attachment against Roberts (Sect. 447, Rev. Stat., 1879), which he was bound to do under the statute. Having failed to present these questions at the proper time, he can not subsequently be heard to do so, without showing legal or equitable excuse for the failure.—2 Story Eq. Jurisp. (12 ed.) sects. 894, 896 ; *Greenabaum* v. *Elliott*, 60 Mo. 29. The judgment is valid and cannot be attacked collaterally.—*Gray* v. *Bowles*, 74 Mo. 423.

III. There is no evidence that the court misconceived the issues or failed to find on the issues of fraud and partnership. All the evidence at the trial was heard and considered by the court. The existence of fraud and partnership, as charged in appellant's interplea, were questions of fact to be determined by the court from the evidence. The court did determine them in favor of defendant Gilmore, and these questions, being raised by the pleadings, are forever settled by the finding of the court.—*Reilly* v. *Hudson*, 62 Mo. 387 ; *Beck* v. *Pollard*, 55 Mo. 26. Even in equitable cognizance it is the custom of the court to defer somewhat to the findings of the trial court.—*Hendricks* v. *Wood*, 79 Mo. 590. A court sitting as a jury is not bound to incorporate in its judgment, a finding upon every fact arising in the cause.—*Erwin* v. *Brady*, 48 Mo. 560. By agreement the cause was submitted to the court, without the intervention of a jury, and no declarations of law were asked or given.

Opinion by ELLISON, J.

This action arose in the following way : One Roberts who was a contractor on the Quincy, Missouri & Pacific Ry. Co., which was being constructed through Grundy county, was largely indebted to various parties, and at the same time, there was due him from plaintiff

Reese, $1,331.53    Gilmore and Cook each sued Roberts by attachment, and each garnished Reese; Gilmore being one day ahead of Cook with his attachment and garnishment.

Reese paid what he owed Roberts to the clerk, and brought his bill of injunction against Gilmore and Cook, asking that they be perpetually enjoined from prosecuting their proceedings against him.   The injunction was granted, though the case was retained on the docket, and Gilmore and Cook were to interplead for the money due from Reese to Roberts, which had been paid to the clerk as stated.   This contest is between the interpleaders, Gilmore and Cook.     The court found for Gilmore, and Cook appeals.   On trial the following was admitted to be true :   "That on the 25th of June, 1881, defendant Gilmore commenced suit by attachment in the circuit court of Grundy county, Missouri, against defendant Roberts, and on said day caused plaintiff to be garnisheed, to answer at the August term, 1881, of said court. That at said term of said court, on the fifth day of said term, and the fifth day of said month, defendant recovered judgment against said defendant Roberts for $666.50; that on the 26th of June, 1881, defendant Cook sued said Roberts by attachment in said circuit court, and on said day caused plaintiff to be garnisheed to answer at the August term, 1881, of said court; that at said term of said court, on the 5th day of the term, and 5th day of the month, defendant Cook recovered judgment against defendant Roberts for $714.25 ; that on the 12th of July, 1881, plaintiff Reese filed his petition in said court, against defendants Cook, Gilmore and others, alleging that he had been summoned as garnishee of said Roberts by Gilmore, Cook and others, largely in excess of his indebtedness to said Roberts; that he owed Roberts $1331.53, which he then paid to the clerk of said court, and asked that the court would adjudicate the rights of the claimants to said money, and enjoin the defendants from further prosecuting their said proceeding against him, and that he be discharged, which prayer said court

granted at the August term of said court, 1881, and on the 3rd day of the term ; and at the same time said court further ordered that said cause be continued on the docket, and that defendants Gilmore and Cook present their claims to said money by interpleas, which they did. It was further admitted by said Gilmore and Cook that there is now in the hands of said clerk of said court $1,107.67 of said moneys paid by plaintiffs."

Though the matter here is voluminous, we have examined the cause in all its details and find its solution can be had by application of a familiar rule governing appellate courts in actions tried as this has' been. The trial was before Hon. J. H. Shanklin, as Special Judge, without the intervention of a jury, without instructions and without an objection to any portion of the testimony. Quite a great deal of testimony was introduced, tending to show that Gilmore and Roberts were partners in the work in which all the indebtedness of Roberts arose ; all of which was denied by Gilmore. The cause was submitted to the court on all the testimony, including the admission above set out as to the attachment suits, the garnishments under them and the judgments following, without an objection to testimony and without an instruction. The court has made its finding and rendered its judgment. It is not for us to say, under the state of this case, what controlled the court in its conclusion.— *Parkison* v. *Caplinger*, 65 Mo. 294-5. It is enough that we see sufficient in the record by which that finding and judgment may be sustained. Appellant urges that he has proven Gilmore and Roberts were partners and the attachment proceedings had by them were collusive. There is evidence, however, on the part of Gilmore, that he was no partner of Roberts, and that the debt was *bona fide.* Assuming that if appellant's allegations were true, he should have prevailed in judgment ; how are we to know but that the court found them to be untrue ? The court was not bound to make a statement of its findings, much less, to state what was the controlling question influencing the judgment.—*Erwin* v. *Brady*, 48 Mo.

560 ; *Judge* v. *Booge*, 47 Mo. 544 ; *Kurlbaum* v. *Roepe*, 27 Mo. 161. Appellant's authorities, holding it to be necessary to make a finding on each count separately, are familiar, and it is true this should be done, unless each count is for the same cause of action, though differently stated, as is often done, so as to meet the proof. But here there is only one cause of action stated in the pleading, and but one put in issue by the testimony. The judgment is, with the concurrence of the other judges, affirmed.