S. P. GRIFFITH, Defendant in Error, v. KANSAS CITY MATERIAL AND CONSTRUCTION COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, November 9, 1891.

1. **Sales:** FAILURE TO DELIVER: MEASURE OF DAMAGES. Upon the seller's failure to deliver the goods according to contract, the ordinary measure of damages is the difference between the contract price and the market price of the goods at the time when, and the place where, they should have been delivered.

2. **Trial Practice:** SPECIAL FINDING: WHAT IS NOT: DUTY OF COURT. At the conclusion of the evidence, the judge stated his opinion of the facts, and what the evidence conduced to show, and what the judgment should be. *Held*, not to be a special finding. It is no more the duty of the court now, than under the code of 1855, to make a special finding of facts in a cause tried by it, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the question of law or equity arising in the case, in which case the court is required to state in writing the conclusions of facts found separately from the conclusions of law.

3. **Appellate Practice:** REVIEW OF LAW AND FACTS. An appellate court has only power to review the law declared by the court below, and, when that court is intrusted with both law and facts, it must assume the facts to be as the court found them, as it is not in its province to review the general finding of courts in law cases.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Junius W. Jenkins* and *W. C. Wells*, for plaintiff in error.

(1) The measure of damages as contained in instruction, we contend, is the true one, and is sustained by abundant authority. "The general rule is well established, that on the seller's failure to deliver the goods, according to the contract, the ordinary measure of damages is the difference betw en the contract price and the market price of the goods at the time when, and the place where, they should have been delivered." Or the buyer may purchase elsewhere at the lowest price attainable, and charge seller with difference. 2 Benjamin on Sales [Ed. 1884] secs. 1327, 1333, 1335, 1305, and note 2; *Mfg. Co. v. Mfg. Co.*, 100 Mo. 325; *Wire Co. v. Hardware Co.*, 93 Mo. 289; *Rickey v. Tenbroek*, 63 Mo. 563; *Koeltz v. Bleckman*, 46 Mo. 320; *Northrup v. Cook*, 39 Mo. 208. (2) The court made a special finding as to proof of damages which the defendant sustained, as follows: "But, there being no evidence of the market value of such stone on November 1, 1888, the date for its delivery, the court can only allow defendant nominal damages herein for the breach of the contract by the plaintiff's assignor." We claim that this is error as matter of fact. Section 2135, Revised Statutes of Missouri, provides that the conclusion of fact as made by the court can be assigned as error, and the same can be reviewed by the court. The court decided that there was no evidence of the market value November 1, 1887, and in this we think the court erred. (3) Our contention is that, while it may be true that the valuation is to be fixed as of November 1, yet the evidence is not to be confined to that day in order to arrive at that value. This is a question of first impression with this court, and has not been decided by our supreme court, so far as we know, and, therefore, we ask especial attention to the following cases. "Evidence of price for a brief period before and after may be

given to show the price on that day." *Cahen v. Platt,* 69 N. Y. 348–352 ; *Harrison v. Glover,* 72 N. Y. 451 ; *Douglass v. Merselis,* 25 N. J. Eq. 147 ; *Kountz v. Kirkpatrick,* 72 Penn. 376 ; *Kipp v. Wiles,* 3 Sanf. (S. C. R.) 585 ; 3 Parsons on Contracts [ 6 Ed.] 207 ; *Smith v. Griffith,* 3 Hill, 337–8.

*N. F. Heitman,* for defendant in error.

( 1 ) Instruction, numbered 1, was an attempt to state the rule as to the measure of damages, but it failed to state the rule correctly, and the court properly refused to give it. The record shows that the court was governed by the correct rule as to the measure of damages, which is the difference between the contract price and the market value at the time and place of delivery. 5 Am. & Eng. Ency. of Law, p. 30 ; *Koeltz v. Bleckman,* 46 Mo. 320 ; *Northrup v. Cook,* 39 Mo. *208 ; *Wire Co. v. Hardware Co.,* 97 Mo. 289, does not apply. The case of *Mfg. Co. v. Mfg. Co.,* 100 Mo. 325, is founded on an entirely different state of facts from this case, and does not apply. The case of *Rickey v. Tenbroek,* 63 Mo. 563, is a case of action by seller against buyer for non-acceptance. ( 2 ) As to error of fact, or that the judgment is contrary to the evidence, plaintiff in error fixed the time and place when and where the stone was to have been delivered, and the court found from the evidence that it failed to prove the value of the stone, not delivered, at the time and place it should have been delivered according to its own version of the contract. Where there is any evidence to support a verdict and judgment, this court will not disturb it simply because it is against the weight of evidence. *Rea v. Ferguson,* 72 Mo. 226 ; *Price v. Evans,* 49 Mo. 396 ; *Spohn v. Railroad,* 87 Mo. 84 ; *Jackson v. Railroad,* 29 Mo. App. 494 ; *Wire Co. v. Hardware Co.,* 97 Mo. 289. ( 3 ) A judgment will not

be reversed unless it appear that error has been committed by the lower court materially affecting the merits of the action. *Hunter v. Miller*, 36 Mo. 143; *Orth v. Doerschlein*, 32 Mo. 366; *Garneau v. Herthel*, 15 Mo. 191; *Doering v. Saum*, 56 Mo. 479; *Armstrong v. Railroad*, 45 Mo. 236. (4) By reference to the record entry of judgment in this case it will be seen that there was no separate finding of facts under section 2135, nor was any such finding requested by either party. The remarks of the judge contained in the bill of exceptions will not be treated as a special verdict, or as a finding of fact, and are no part of this record. Statements in the opinion of the trial judge are not to be regarded as forming part of the bill of exceptions, and this court cannot take notice of them as showing what was done at the trial. *Bricheisen v. Coffey*, 15 Mo. App. 80, 85; *Field v. Crecelius*, 20 Mo. App. 302. (5) Before evidence of value for a brief period before and after the day fixed for delivery is admissible to show the value on the day of delivery, a foundation for such secondary evidence must first be laid by proving that there was no market for the property ˙on the day of delivery. Defendant failed to lay the foundation for evidence on other days than the first of November, 1887, and at other places than Kansas City. The authorities cited by defendants, carefully considered, will bear me out in this proposition. 2 Benjamin on Sales [ Ed. 1884 ] 978, note under " market price or value." *Shephard v. Hampton*, 3 Wheat. 200; *Grand Tower v. Phillips*, 23 Wallace, 471, 479; *Fessler v. Gove*, 48 Pa. 407; *Parsons v. Sutton*, 66 N. Y. 92.

SMITH, P. J.—This was a suit commenced before a justice of the peace to recover $156.75 on an open account for four hundred and ninety-four lineal feet of curbing stone at forty-three cents per foot. The defendant filed an offset in which, among other items, it was claimed that plaintiff had contracted to deliver

two thousand feet of curbing stone, and had failed to deliver fifteen hundred and seven feet, and that defendant had to go into the market and buy curbing stone on account of the default, and to pay nine cents a foot more for it than plaintiff had contracted to deliver it, thereby damaging defendant to the sum of $135.63. The plaintiff had judgment in the circuit court, and defendant brings the case here by writ of error.

I. The principal ground of the defendant's complaint is, that the circuit court erred in refusing to give the following instruction asked by it: "The court declares the law to be, that if the evidence shows that the two cars of stone for the value of which this suit was brought were sold and delivered to the defendant by H. L. Hart under a contract between said Hart and defendant, made in August, 1887, by the terms of which said Hart sold to defendant two thousand feet of curbing stone at forty-three cents per foot, to be delivered to defendant, free of freight and other charges, on the sidetrack at defendant's yard in Kansas City, Missouri, by the first day of November of that year; and that the defendant, upon the faith of said contract with Hart, made contracts with other parties in Kansas City, Missouri, to set said stone for them, and if the evidence further shows that said Hart, without any fault of defendant, failed to deliver to defendant any other stone under said contract except said two cars containing about four hundred and ninety-four feet, and that defendant, by reason of such failure on the part of Hart, was compelled to buy stone of other parties, and pay fifty-two cents per feet therefor, to enable it to carry out its contract with other parties, then the defendant is entitled to an allowance as a counterclaim against the claim of the plaintiff, the difference in price between forty-three cents and fifty-two cents per foot, to the extent of the balance of the two thousand feet which

said Hart sold and agreed to, but failed to, deliver to defendant.''

The defendant's insistance is that this instruction stated the correct rule for the a˙ ˙measurement of the damages in this case. The general rule is well established, that, on the seller's failure to deliver the goods according to the contract, the ordinary measure of damages is the difference between the contract price and the market price of the goods at the time when and the place where they should have been delivered. *Stewart v. Ball*, 33 Mo. 153 ; *Koeltz v. Bleckman*, 46 Mo. 320 ; *Northrup v. Cook*, 39 Mo. 208 ; *Whitman v. Coots*, 14 Mo. 9 ; *Rickey v. Tenbroek*, 63 Mo. 563 ; *Harrison Wire Co. v. Hardware Co.*, 97 Mo. 289. The refused instruction is not in harmony with the rule just stated. The measure of the defendant's damages for the plaintiff's fault was the *difference between* the contract price and the market price of the stone at the contractual time and place of delivery. *Stewart v. Ball, supra ;* Benj. on Sales, secs. 869, 903, p. 859, note ; Sedgwick on Dam. 282. *The time when and place where* the stone was to be delivered are elements of fact not embraced in the hypothesis of the instruction, and for that reason it should have been, as it was, refused.

II. At the conclusion of the evidence in the case the learned judge who tried the case remarked *ore tenus :* `` I can state my opinion of the facts in this case, and probably save arguing the declarations of the law,'' etc. He then proceeded further to state what in his opinion the evidence conduced to show, and what the judgment should be. The defendant's counsel then stated to the court that he had some declarations of law that he would like to have passed upon. This request was granted. The defendant contends that this was a special finding under section 2135, Revised Statutes. It is no more the duty of the court now, than it was under the code of 1855, to make a special finding of facts in a

cause tried by it (*Karlbaum v. Roepke*, 27 Mo. 161; *Judge v. Booge*, 47 Mo. 544; *Ervin v. Brady*, 48 Mo. 560; *Jordan v. Buschmeyer*, 97 Mo. 94; *Reese v. Cook*, 17 Mo. App. 512), unless one of the parties thereto request it with the view of excepting to the decision of the court upon the question of·law or equity arising in the case, in which case the court is required to state in *writing* the conclusions of facts found separately from the conclusions of law. The statute just referred to was no doubt intended as a qualification to the rule · of practice as it existed under the code of 1855.

The application and hardship of that rule is illustrated in the cases last cited. Under the statute, as it now exists, when a court trying a case has upon any question of fact made a general finding thereon, the party feeling himself aggrieved thereby has the right to request the court to state in writing the conclusion of facts found. Then upon appeal or writ of error it shall be the duty of the revising court to review such conclusions of facts. It is, therefore, apparent that the so-called conclusions of facts of the judge in this case were not made in conformity to the statutory requirements, nor was such the understanding of either judge or counsel at the time. The deliverance of the judge was an opinion on the rights of the parties based on the evidence, but not an attempt to "state in *writing* the conclusion of facts found separate from the conclusions of law," as contemplated by the statute. Regarding what the judge is reported to have said as a mere opinion of his, and not as a special verdict or finding of facts or part of the record, we cannot notice it.

After a careful examination of the record, we cannot say there is no evidence to support the finding of the court. This court has only the power to review the law·declared by the court below, and when that court, as was the case here, was intrusted with both law and facts, we must assume the facts to be as the court found

them.   It is not our province to review the general findings of courts in law cases.   *Norris v. Mabury*, 39 Mo. App. 295 ; *Hamilton v. Boggess*, 63 Mo. 233 ; *Ayers v. Fitzgerald*, 94 Mo. 207 ; *Gaines v. Fender*, 82 Mo. 497.

It seems to us that the judgment is for the right party, and should be affirmed, which is ordered accordingly.   All concur.