MABEL R. BOVARD, RESPONDENT, v. SPENCER D. BOVARD, APPELLANT.—
128 S. W. (2d) 274.

Kansas City Court of Appeals.   May 8, 1939.

*Jay L. Oldham* for .appellant.

*John J. Brauch* for *W. H. H. Piatt,* respondent.

BLAND, J.—This is an appeal from the action of the trial court in overruling a motion to quash an execution.

The facts show that plaintiff, prior to the 15th day of November, 1937, filed a suit for divorce against the defendant and that the court, on that day, sustained plaintiff's motion for temporary alimony, suit money and attorney's fees, allowing plaintiff the sum of $150 for attorney's fees. The judgment recited:

"Further, the court doth sustain plaintiff's Motion for Temporary Alimony, Support and Maintenance, suit money and attorney's fee in the following respect: The Court doth allow plaintiff the Sum of One Hundred Fifty Dollars ($150) Dollars for her attorney's fees.

"WHEREFORE, it is ordered, adjudged and decreed by the Court that defendant pay plaintiff's attorney the sum of $150 at the rate of $10 per month beginning November 15, and $10 per month on the 15th of each succeeding month thereafter until the sum of $100 has been paid and the further and final sum of $50 when and as any monies shall accrue to the defendant through the John H. Bovard Estate, and in default of one payment let execution issue therefore."

The Honorable W. H. H. Piatt, a member of the Jackson County Bar, represented the plaintiff as her attorney in the divorce proceedings. Defendant did not pay either the plaintiff, or her attorney, the amount or any part thereof allowed her for attorney's fee and her attorney was not paid by her. Mr. Piatt, on December 20, 1937, caused a general execution, and a garnishment in aid thereof, to be issued on the judgment. The Columbia National Bank was summoned as garnishee. The execution was sued out in the name of Mabel R. Bovard, the plaintiff.

It appears that plaintiff and defendant had settled their difficulties and had gone back to live together and, on the 15th day of January, 1938, after the Columbia National Bank was summoned as garnishee, plaintiff satisfied the execution by writing on the margin of the judgment, the following: "This judgment satisfied in full by mutual consent this 15th day of January, 1939. Mabel R. Bovard, plaintiff." The satisfaction of the judgment was not attested by the Clerk.

On January 20, 1938, defendant filed a motion to quash the execution. During the hearing of this motion, Mr. Piatt, by his counsel, orally moved the court to allow the execution to stand to the extent of

his attorney's lien and to set aside the satisfaction of the judgment. *pro tanto.*

The court, at the conclusion of the testimony, sustained the oral motion and overruled the motion to quash the execution. Defendant thereafter, filed his motion for a new trial and in arrest of judgment, complaining of the overruling of his motion to quash but not of the sustaining of the oral motion to set aside the satisfaction of the judgment.

Defendant, thereupon, took an appeal from the order overruling his motion to quash the execution.

It is insisted by the defendant that before an allowance for temporary alimony can be made an admission or proof of the husband's ability to pay should be shown, and that the judgment does not recite that any hearing was had as to defendant's financial worth or ability to pay; that the judgment shows on its face that plaintiff's motion was sustained without any evidence to support the allowance.

It is true that such ability must be shown at the trial. [Howey v. Howey, 220 Mo. App. 484.] However, it is not true that the evidence must be recited in the judgment in order for it to be valid. "No particular form of words is usually considered necessary to show the rendition of a judgment. The record of the judgment is sufficient if the time, place, parties, matter in dispute, and the result, with the relief granted, are clearly stated. So, under the ordinary practice, *it is not required to set out in the judgment itself the facts on which it is founded;* it is sufficient if they are stated in the pleadings and ascertained by the judgment." (Italics ours.) [1 Black on Judgments. (2 Ed.), p. 161, See, also 15 R. C. L. 570, 877, 878; Judge v. Booge, 47 Mo. 544; Ervin v. Brady, 48 Mo. 560; Reese v. Cook, 17 Mo. App. 512; Cook v. Hancock, 20 Tex. 2.] There is nothing on the face of the judgment to indicate that it was rendered without the hearing of evidence by the court upon the material issues.

It is insisted by the defendant that the court should have sustained the motion to quash the execution because the judgment had been satisfied in full and, consequently, there was no basis for the execution. We think that this contention must be sustained. [Chilton v. Cady, 298 Mo. 101, 113.]

However, respondent contends that, as the judgment was in his favor, having been made payable to him, it could not have been satisfied without his consent and, further, that the satisfaction, not having been attested by the clerk, was void.

The court rendered the judgment under and by virtue of the authority conferred by section 1355, Revised Statutes 1929, relating to alimony and maintenance. This section provides that such alimony and maintenance shall be decreed to the wife. Her attorney is not therein mentioned. The court had no authority to render a judgment in favor of the attorney for the attorney's fee, and it is well

settled that no one but the parties to the suit is allowed to interpose in its control. [State ex rel. v. Juden, 110 S. W. (2d) 865; Peoples Savings Bank v. McDowell, 204 S. W. 406; Hoover v. Mo. Pac. R. R. Co., 115 Mo. 77.] Under the circumstances, the judgment cannot be considered as one in favor of the attorney, but merely one in favor of the wife for suit money. [Isabel v. Weiss, 60 Mo. App. 54, 55, 56; Dawson v. Dawson, 37 Mo. App. 207, 212, 213; Waters v. Waters, 49 Mo. 385, 387, 388; City of St. Louis v. Meintz, 107 Mo. 611.]

It is true that section 1123, Revised Statutes 1929, provides that if the satisfaction of a judgment is made before the clerk, in vacation, it shall be entered in the minutes, signed by the party making it, and attested by the clerk. It is also true, that, in this instance, the satisfaction of the judgment was not attested by the clerk. However, whether the provision of the statute requiring the attestation by the clerk is mandatory, or directory, we need not say, for the reason, if it is mandatory, respondent, not having been a party to the cause at the time of the satisfaction, has no right to complain.

The only relief that the respondent is entitled to is to enforce his attorney's lien, under the provisions of section 11716, Revised Statutes 1929, providing: "The compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be effected by any settlement between the parties before or after judgment."

Under the theory that alimony awarded for the support and maintenance of the wife and children may not be appropriated to the payment of debts and liabilities disconnected from necessary support and maintenance, it has been held, in this State, that sums awarded as alimony for support may be appropriated by an attorney in payment for legal services. [Hilleary v. Hilleary, 189 Mo. App. 704; Saner v. Saner, 46 S. W. (2d) 936.] It is held in some States that this rule has only to do with temporary alimony and not permanent alimony. [Hubbard v. Ellitharpe, 135 Iowa, 259; Hampton v. Hampton (Utah), 39 Pac. (2d) 703; Putnam v. Tennyson, 50 Ind. 456.]

However, we are not here concerned with permanent alimony, nor alimony for support, but suit money, and there is no good reason why an attorney may not have a lien upon a judgment for alimony of this nature. [Young v. Levine, 31 S. W. (2d) 978, 980; Schempp v. Davis & Nicholson, 201 Mo. App. 430.]

There is ample in the testimony, from which the court could have found, that the satisfaction of the judgment was fraudulent as to respondent. A motion to set aside the entry of satisfaction *pro tanto*

and order an execution to the extent of respondent's lien would have been a proper remedy. [Barthels v. Garrels, 227 S. W. 910; Curtis v. Met. St. Rys. Co., 118 Mo. App. 341, 353; State ex rel. v. Reohrig, 8 S. W. (2d) 998; Wait v. A. T. & S. F. Ry. Co., 204 Mo. 491; Gillham v. Met. St. Rys. Co., 282 Mo. 118, 128.] However, this remedy is not the one that respondent pursued in this case. Respondent, after he procured the execution and was confronted with a motion to quash it, apparently attempted to cause the proceedings to comply with the procedure indicated by moving, orally, to have the court set aside the satisfaction of the judgment. However, his lien had not been established at the time the execution was sued out and, therefore, there was no judgment *in his favor* at the time and the execution was invalid.

"An execution cannot be lawfully issued on other than a final judgment or decree pronounced by a competent court which has determined the respective rights and liabilities of the parties litigant, and an execution issued without a judgment or decree to support it is void and confers no authority on the officer to whom it is directed. . . . A judgment rendered after the issuance of the execution will not have a retrospective effect so as to validate the execution." [23 C. J., p. 314. See, also, Weniger v. Weniger, 32 S. W. (2d) 773, 774.]

The judgment is reversed and the cause remanded, with directions to the trial court to sustain the motion to quash the execution. All concur.