Melvin HOWARD (Plaintiff), Respondent,

v.

Lula HOWARD (Defendant), Appellant.

No. 29681.

St. Louis Court of Appeals.

Missouri.

April 2, 1957.

Frank S. Bledsoe, St. Louis, for appellant.

Wilson Gray, St. Louis, for respondent.

MATTHES, Judge.

This is an appeal from the judgment quashing an execution and denying defendant-appellant's motion for attorney's fee in contesting the motion to quash the execution. The sustaining of the motion to quash the execution is a final judgment for purposes of appeal, Flynn v. Janssen, Mo.Sup., 266 S.W.2d 666, loc. cit. 671; McDougal v. McDougal, Mo.App., 279 S.W.2d 731, loc. cit. 735, as is the judgment denying the attorney's fee, Smith v. Smith, 164 Mo.App. 439, 144 S.W. 1199, adopting, 151 Mo.App. 649, 132 S.W. 312.

The judgment appealed from grew out of these facts: On June 17, 1948, plaintiff, respondent, filed a divorce action against the defendant, appellant, in the Circuit Court of the City of St. Louis, Missouri. The defendant filed an answer and cross bill for separate maintenance. Contemporaneously the defendant filed a motion for alimony pendente lite and suit money. This was followed by plaintiff dismissing his petition on July 8, 1948. A hearing on defendant's motion for temporary alimony resulted in a judgment being rendered in favor of the defendant on October 1, 1948, for $20 per week temporary alimony, $100 for attorney's fee on account, and $40 to secure the costs. No further action was taken in the case, and on March 28, 1949, defendant's cross bill was dismissed by the court for want of prosecution. On February 10, 1956, Frank S. Bledsoe, an attorney at law, filed an "affidavit for execution", the pertinent parts of which are:

"On this 8th day of February, 1956, * * * Frank S. Bledsoe, who after being duly sworn states on his oath *that he was* the attorney of record (of) Lula Howard in the above styled matter; that on or about the 1st day of October, 1948, in Division 16, attorney's fee in the sum of $100.00 was allowed; that nothing has been paid since that date; that there is now justly due under said court order the sum of $100.00 with interest at the rate of 6% per annum from October 1, 1948; that there is due interest in the sum of $43.50; that there is due

and payable under said order the sum of $143.50." (Emphasis supplied.)

Pursuant to the foregoing an execution was issued on February 10, 1956, directing the Sheriff of the City of St. Louis, Missouri, to collect the sum of $143.50 and costs from Melvin Howard.

In the motion to quash the grounds relied upon were: (1) That the execution was issued without the knowledge or consent of defendant; and (2) the dismissal of the divorce petition and action for separate maintenance destroyed and vitiated the judgment upon which the execution was grounded. On April 13, 1956, the date the motion was heard, defendant, through her attorney, Frank S. Bledsoe filed a motion for attorney's fee "for defense against plaintiff's motion to quash the execution". Following the hearing the court in due time sustained the motion to quash, and also denied the request for an attorney's fee in defending the attack upon the execution.

In this court plaintiff has abandoned the theory that the judgment was rendered ineffective because the action for divorce and separate maintenance was dismissed, and seeks to uphold the action of the trial court on the ground that the execution was issued without the knowledge, consent, or authority of defendant.

The authority to award alimony pendente lite is found in Section 452.070 RSMo.1949, V.A.M.S., the pertinent part of which provides, " * * * and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant, and enforce such order in the manner provided by law in other cases".

The category of alimony pendente lite embraces and includes allowances for suit money, support, and attorney's fees. By the clear terms of the statute such alimony must be decreed to the wife, Section 452.070, supra, and an allowance cannot be made to her attorney or to some other person to whom she may become indebted in connection with the litigation—this for the very obvious reason that the attorney or other persons are not parties to the action. Bovard v. Bovard, 233 Mo.App. 1019, 128 S.W.2d 274, 276; Knebel v. Knebel, Mo.App., 189 S.W.2d 464; Kaltwasser v. Kaltwasser, Mo.App., 197 S.W.2d 102; Noll v. Noll, Mo.App., 286 S.W.2d 58, 61.

The statute relating to the issuance of executions provides that, "The party in whose favor any judgment * * * is rendered, may have an execution in conformity therewith." Section 513.015 RSMo 1949, V.A.M.S. That statute has been construed to mean that only the holder of a judgment or his authorized agent may interpose in its control, which includes, of course, the right to procure the issuance of an execution for the purpose of collecting the judgment. Davis v. McCann, 143 Mo. 172, 178, 44 S.W. 795; Ritchie v. Carter, 89 Mo.App. 290, 294; People's Savings Bank v. McDowell, Mo.App., 204 S.W. 406; State ex rel. and to Use of City of St. Louis v. Priest, 348 Mo. 37, 152 S.W.2d 109; State ex rel. Ross, and to Use of Drainage Dist. No. 6 of Pemiscot County v. Juden, Mo.App., 110 S.W.2d 865; 33 C.J.S., Executions, § 56 b, pages 189, 190, and 21 Am.Jur., Executions, Section 44, page 35.

A careful review of the record convinces us that defendant was not a party to the issuance of the execution. She did not request or authorize the clerk to act. Neither are the facts sufficient to permit a finding that Mr. Bledsoe was representing defendant in proceeding as he did. Rather, the record drives us to the conclusion that in procuring process Mr. Bledsoe was acting in his own behalf, and for the sole purpose of collecting a fee for services rendered in litigation which had been terminated nearly seven years prior to the issuance of the execution. This is borne out by the affidavit which, although unnecessary, Pflanz v. Pflanz, 237 Mo.App.

873, 177 S.W.2d 631, 635, the attorney nevertheless chose as the means of requesting the clerk to act. Therein Mr. Bledsoe stated that he "was", (not is) "the attorney of record * * * in the above styled matter", and thereby he requested an execution for only the amount of his fee and accrued interest. Equally important, if not decisive, is the position taken by defendant at the hearing on the motion to quash. Although she readily admitted that she had not paid Mr. Bledsoe for the services rendered in the original proceeding, and stated that he would have to collect his fee from plaintiff, her testimony, as follows, shows that she did not consider Mr. Bledsoe was representing her in connection with the issuance of the execution:

"Q. Have you asked him (Mr. Bledsoe) since that time (1948) to do anything else about it? A. No.

"Q. From '48 until now, when did you hear from him again? A. About three weeks he came by my house before we came down here, that is the only time I heard from him.

"Q. Did he ask if you wanted to still prosecute your husband for separate maintenance? A. Well, yes.

"Q. What did you tell him? A. I told him I wouldn't."

■ While it is obvious that Mr. Bledsoe's action in procuring the execution was motivated by good faith we are compelled to hold that he was without authority to proceed as he did even though the judgment included the allowance made to defendant for attorney's fee.

■ Notwithstanding that the trial court acted correctly in sustaining the motion to quash, it by no means follows that Mr. Bledsoe is without a remedy. The statute, Section 484.130 RSMo1949, V.A.M.S., provides that an attorney has a lien upon his client's cause of action and that the lien attaches to a judgment in his

client's favor. It has been held that such lien does not apply to and cannot be impressed upon a judgment for alimony in favor of the wife, Hilleary v. Hilleary, 189 Mo.App. 704, 175 S.W. 282; Sanner v. Sanner, Mo.App., 46 S.W.2d 936, but a judgment for suit money, including attorney's fee, is subject to the lien, Bovard v. Bovard, supra, 128 S.W.2d 274, loc. cit. 276. Therefore if defendant fails to cooperate by requesting that an execution be issued to enforce the judgment, the attorney may, as suggested in the Bovard case, take appropriate action to establish his lien upon the judgment and procure execution. See, also, Curtis v. Metropolitan St. R. Co., 118 Mo.App. 341, 354, 355, 356, 94 S.W. 762; Wait v. Atchison T. & S. F. R. Co., 204 Mo. 491, 103 S.W. 60; Satterfield v. Southern Ry. Co., Mo.App., 287 S.W.2d 395.

■ The action of the court in denying defendant a fee for resisting the motion to quash must also be sustained. This court ruled in Weniger v. Weniger, Mo. App., 32 S.W.2d 775, that the court may make an allowance to the holder of an alimony judgment for suit money to protect the process (execution) issued for its enforcement. Where, however, as here, the execution was not issued at the instance of the holder of the judgment, she should not be allowed suit money to uphold it. There was nothing to protect.

■ Although not relied on in the trial court as a ground for quashing the execution, plaintiff in this court contends that the judgment is of no effect and cannot support an execution because he had no notice of the hearing for alimony pendente lite and suit money. Whether lack of notice can be raised and tested by motion to quash an execution we need not decide. For another obvious reason the point is not well taken. The record discloses that a "notice of hearing of motion for temporary alimony and suit money" was filed in connection with the proceeding. This

notice informed plaintiff that on October 1, 1948, in Division 16 of the Circuit Court of the City of St. Louis, or as soon thereafter as the same could be heard, the motion would be called for a hearing. The record is silent as to the date the notice was served on plaintiff or his attorney. It does reveal that on October 1, 1948, the same day as the hearing, the notice was filed in court, but of course it cannot be said that because it was filed on that day it was not served prior thereto. In State ex rel. and to Use of Hicklin v. Fidelity & Casualty Co. of N. Y., Mo.App., 274 S.W.2d 596, a similar contention was made with respect to a motion for new trial. Therein the court, in following First Nat. Bank & Trust of King City v. Bowman, 322 Mo. 654, 15 S.W.2d 842, said, loc. cit. 600:

" 'It is well established as a general rule that, where a court of general jurisdiction has exercised its powers, it will be presumed, unless the contrary appears of record, that it had jurisdiction both of the subject matter of the action and of the parties, for, as the first duty of all courts is to keep strictly within the limits of their jurisdiction, any affirmative act on the part of a court implies that it has ascertained that it has jurisdiction so to act. Conversely, no presumption against jurisdiction can be indulged, nor should anything be presumed to be outside of the jurisdiction of a court of general jurisdiction. It accordingly will be presumed that all the facts necessary to give the court jurisdiction to render the particular judgment were duly found, and that every step necessary to give jurisdiction has been taken.' " So in this case we indulge the presumption that all steps necessary and essential to give the court the right to proceed were followed.

For the reasons stated the judgment is affirmed.

RUDDY, P. J., and ANDERSON, J. concur.