Helen Louise ANDERSON, Plaintiff-Respondent,

v.

Stanley Edward ANDERSON, Defendant-Appellant.

No. 32227.

St. Louis Court of Appeals.

Missouri.

May 17, 1966.

Motions for Rehearing or for Transfer to Supreme Court Denied June 14, 1966.

Joseph Langworthy, Pacific, for defendant-appellant.

Norman Zaltsman, John J. Relles, Clayton, for plaintiff-respondent.

DOERNER, Commissioner.

This is an appeal from an order overruling defendant's motion to quash an execution, arising out of a divorce case. Such an order is a " * * * special order after final judgment in the cause * * *" and is made appealable by Section 512.020, RSMo 1959, V.A.M.S. Carrow v. Carrow, Mo.App., 294 S.W.2d 595.

The divorce action was instituted on April 4, 1963 by the plaintiff, Helen Louise

Anderson, in the Circuit Court of St. Louis County. She was represented in the suit by Mr. John J. Relles and Mr. Norman Zaltsman of the St. Louis County Bar. The nature of the responsive pleading, if any, filed by defendant Stanley Edward Anderson is not shown in the transcript before us. On May 10, 1963 plaintiff filed a motion for alimony pendente lite, child support, suit money and attorney's fees. Thereafter, on June 11, 1963, the parties filed a stipulation in which they agreed, subject to the court's approval, that the defendant should pay $15 per week for the support of Cindy Lou, their daughter, attorney's fees in the sum of $200, and the court costs. The next entry which appears in the transcript is the judgment and decree, made on July 9, 1963, which recites that the plaintiff appeared in person and by her attorney but that the defendant came not and remained in default. Plaintiff was thereby granted a divorce; custody of the child, subject to defendant's reasonable visitation rights; the sum of $1.00 per year as alimony; "* * * the further sum of $100.00 as and for additional attorney fees; * * *" and the costs were taxed against defendant.

On October 8, 1964, Mr. Relles filed what was styled, "Affidavit of Failure to Pay Attorney's Fees" in which he deposed that "he did" represent the plaintiff in the divorce action; that "* * * as a part of said judgment and decree (of July 9, 1963), affiant was granted a $300.00 attorney's fee;" and that since said date defendant had paid only $20 of the $300, although frequently requested to pay the remainder. The affidavit closed with the prayer that the court issue an execution against the defendant for $280, and for any further orders the court deemed proper. On the same day the affidavit was filed Mr. Zaltsman, as attorney for Mr. Relles, filed a "Request for Execution and Garnishment" in which the clerk was requested to issue an execution against the defendant, returnable January 6, 1965, and a garnishment on McDonnell Aircraft Corporation. Pursuant to the foregoing, an execution was issued by the clerk, directing the sheriff of St. Louis County to collect the sum of $280, together with interest of 6%, and costs from the defendant. In his motion to quash the execution, filed on October 27, 1964, defendant relied upon the following grounds: (1) that the execution was not issued on behalf of plaintiff, and all matters between plaintiff and defendant with respect to attorney's fees had been settled; (2) that the execution was an attempt by Mr. Relles to collect his attorney's fee from defendant for services in the case performed for plaintiff; and (3) that Mr. Relles had filed a suit against defendant in the Magistrate Court of St. Louis County, District No. 5, for the legal services rendered in the divorce action, in which he recovered a judgment for $880, and was therefore estopped and barred under the doctrine of election of remedies from pursuing further the remedy by way of execution. A hearing was held on October 10, 1964, at which defendant alone introduced evidence, and on November 30, 1964, the court overruled and denied defendant's motion to quash.

In this court defendant contends that the court erred in overruling his motion to quash, first, because the execution was issued without the knowledge, consent, or authority of plaintiff; and second, because Mr. Relles, having obtained a judgment against defendant for $880 in the Magistrate Court, was barred by the doctrine of election of remedies from pursuing his remedy by execution.

It will be recalled that by stipulation plaintiff was granted $200 for attorney's fees as part of her allowance of alimony pendente lite, and an additional sum of $100 for the same purpose by the final decree. These were separate and distinct allowances, which ordinarily are subject to separate appeals. We question but need not decide whether they may be enforced by one execution, and because of the conclusion we have reached we will treat the al-

lowances as one, as Mr. Relles did in his affidavit.

█ The authority to allow both alimony pendente lite, and alimony upon the granting of a divorce to the wife, is found in Section 452.070, RSMo 1959, V.A.M.S. The category of alimony and alimony pendente lite embraces and includes allowances for suit money, support, and attorney's fees. By the clear terms of that statute such alimony must be decreed to the wife, and an allowance cannot be made to her attorney—this for the very obvious reason that the attorney is not a party to the action. Howard v. Howard, Mo.App., 300 S.W.2d 853; Noll v. Noll, Mo.App., 286 S.W.2d 58; Kaltwasser v. Kaltwasser, Mo.App., 197 S.W.2d 102; Knebel v. Knebel, Mo.App., 189 S.W.2d 464; Bovard v. Bovard, 233 Mo.App. 1019, 128 S.W.2d 274. In short, the judgment in the divorce case was not, and could not be, in favor of plaintiff's attorneys; it was one in favor of plaintiff which included an allowance for attorney's fees. Bovard v. Bovard, supra; Howard v. Howard, supra. The statute relating to the issuance of executions provides that, "The party *in whose favor* any judgment * * * is rendered, may have an execution in conformity therewith." (Emphasis supplied.) Section 513.015. That section has been construed to mean that only the holder of a judgment or his authorized agent may interpose in its control, which includes, of course, the right to procure the issuance of an execution for the purpose of collecting the judgment. Davis v. McCann, 143 Mo. 172, 44 S.W. 795; People's Savings Bank v. McDowell, Mo.App., 204 S.W. 406; State ex rel. Ross, and to Use of Drainage Dist. No. 6 of Pemiscot County v. Juden, Mo.App., 110 S.W.2d 865.

It is obvious from a careful review of the record that the plaintiff was not a party to the issuance of the execution. She did not order it, nor did she request or authorize the clerk to issue it. Nor does it appear that she authorized Mr. Relles to do so on her behalf. On the contrary, the record and the plaintiff's testimony compel the conclusion that in procuring the issuance of the execution Mr. Relles was acting only in his own behalf and that of his associate, and solely for the purpose of collecting the remainder of the attorney's fee which had been allowed to the plaintiff, for services in the divorce case that had terminated over a year prior to the issuance of the execution. This is firmly established not only by the affidavit which he filed, in which he stated that "he did" (not does) represent the plaintiff in the divorce case, and by the request to the clerk for the issuance of the execution; but by the uncontradicted testimony of the plaintiff:

"Q You didn't request any action to be taken in your behalf to collect this judgment?

"A No, I did not.

"Q You don't want any action to be taken?

"A No, as far as I am concerned.

"Q You do not want any action to be taken in your behalf to collect this judgment?

"A No, I do not."

█ Neither Mr. Relles nor Mr. Zaltsman testified or offered any evidence at the hearing. Whatever their justification, it is clear that they were unauthorized to proceed as they did even though the judgments of alimony and alimony pendente lite included allowances to the plaintiff for attorney's fees for the services they had rendered. Under this state of the record the court should have sustained defendant's motion to quash the execution. Howard v. Howard, Mo.App., 300 S.W.2d 853; Bovard v. Bovard, 233 Mo.App. 1019, 128 S.W.2d 274.

█ This is not to say that Mr. Relles and Mr. Zaltsman are without a remedy. Our statute, Section 484.130, provides that

an attorney has a lien upon his client's cause of action and that the lien attaches to a judgment in his favor. While it has been held that such lien cannot be impressed upon a judgment for alimony and maintenance of the wife, Hilleary v. Hilleary, 189 Mo.App. 704, 175 S.W. 282, a judgment for suit money, including an attorney's fee, is subject to the lien. Howard v. Howard, supra; Bovard v. Bovard, supra. If, therefore, plaintiff fails or refuses to cooperate by requesting the issuance of an execution to enforce the judgment, counsel may take appropriate action to establish their lien upon the judgment and enforce its collection. As was pointed out in Mills v. Metropolitan St. Ry. Co., 282 Mo. 118, 221 S.W. 1, 3–4, our attorney's lien statute, while creating a right that did not exist at common law, failed to provide a remedy; but " * * * the courts have been assiduous in devising for its enforcement modes of procedure conformable to 'those general rules established in our system of jurisprudence for the security of private rights.' * * * " See, in that regard, Young v. Levine, 326 Mo. 593, 31 S.W.2d 978; Bovard v. Bovard, supra; Satterfield v. Southern Ry. Co., Mo.App., 287 S.W.2d 395.

There is no merit to the second ground of defendant's motion to quash the execution. The doctrine of election of remedies " * * * applies only where the party has but one cause of action, one right infringed, one wrong to be redressed. The doctrine does not require election between distinct causes of action arising out of separate and distinct facts. * * * " Broz v. Hegwood, 349 Mo. 920, 163 S.W.2d 1009, 1010. The cause of action pleaded in the suit in the Magistrate Court was definitely not on the attorney's lien. Seemingly it was on some common law theory of implied contract. We are not called upon to express any opinion regarding the merits of that action or the validity of the resulting judgment, and we do not do so.

The judgment is reversed and the cause remanded to the trial court with directions to sustain defendant's motion to quash the execution.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is reversed and cause remanded to trial court with directions to sustain defendant's motion to quash the execution.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.