**Theodore S. SCHECHTER and David V. Collignon, Attorneys for Rachel S. Fitzsimmons, Appellants,**

v.

**FITZSIMMONS INDUSTRIES, INC., Garnishee of Thomas J. Fitzsimmons, Respondents.**

**No. 43787.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 29, 1981.

David V. Collignon, Schechter & Collignon, Clayton, for appellants.

Preston E. Roskin, Clayton, for respondents.

REINHARD, Presiding Judge.

David Collignon, an attorney, appeals from a ruling of the trial court quashing a garnishment action for the collection of attorney's fees. We affirm.

Rachel Fitzsimmons retained David Collignon to represent her in a modification proceeding against her former husband, Thomas J. Fitzsimmons. On March 27, 1980, the trial court rendered its decision and *inter alia*, ordered the husband to "pay [wife's] attorneys fees in the amount of $2500.00 and expenses of litigation in the amount of $22.50." On May 9, 1980, husband and wife signed a mutual release, wherein, wife agreed to file a satisfaction of judgment in the modification proceeding and to hold husband harmless for fees claimed by her attorneys. The satisfaction of judgment as to the "attorney's fees and costs" was filed on October 7, 1980.

On May 9, 1980, Collignon, on behalf of the wife but without her knowledge or consent, filed a request for execution and garnishment against the husband. On October 7, 1980, the garnishee, Fitzsimmons Indus-

tries, filed a motion to quash the execution. A hearing was conducted and the trial court granted the garnishee's motion.

Prior to the adoption of the Dissolution of Marriage Act effective January 1, 1974, a decree in a divorce proceeding ordering a husband to pay his wife's attorney fees could only be enforced by the wife. *Anderson v. Anderson*, 404 S.W.2d 206 (Mo.App. 1966); *Howard v. Howard*, 300 S.W.2d 853 (Mo.App.1957). The courts relied on § 513.-015 which provides that a party may only execute on a judgment rendered in its favor. Because attorney's fees could only be awarded to the wife under the applicable divorce statutes, the attorneys who were not parties to the proceedings had no standing to "procure the issuance of an execution for the purpose of collecting the judgment." *Anderson* at 209.

The effect of *Anderson* and *Howard* was modified by the adoption of the Dissolution of Marriage statute, effective January 1, 1974. Section 452.355 RSMo. 1978 now provides:

> The court . . . may order a party to pay a reasonable amount for the cost to the other party of maintaining . . . any proceeding . . . and for attorney's fees . . . . The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

By an appropriate order the effect of *Howard* and *Anderson* may be vitiated.

■ We do not have such an order here, even though Collignon contends otherwise. The trial court ordered the husband to "pay [wife's] attorneys fees in the amount of $2500.00." This is not a direct award of attorney's fees and consequently the effect of *Anderson* and *Howard* may not be avoided by reference to section 452.355. The attorney contends that even if the decree does not require the fees "be paid directly to" him, the trial court erred because the satisfaction of judgment filed by the wife was a fraudulent interference with the statutory attorney lien, embodied in section 484.130 RSMo.1978.

Unquestionably, the attorney here has a lien on the judgment awarding the wife $2500 in attorney's fees. Section 484.130 provides that "the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor . . . ." It has long been recognized in this state the attorney's lien attaches to an award of attorney's fees arising out of a divorce proceeding. *Anderson v. Anderson*, 404 S.W.2d 206, 210 (Mo.App. 1966); *Bovard v. Bovard*, 233 Mo.App. 1019, 128 S.W.2d 274, 276 (1939). Further, § 484.130 provides the lien may not "be affected by any settlement between the parties before or after judgment."

In *Bovard*, a motion to quash an execution arising under similar circumstances as those here, the wife's attorney filed an execution against the husband for attorney's fees awarded to wife in a divorce proceeding. Husband and wife reconciled and wife filed a satisfaction of judgment. The court recognized the attorney's lien, but stated "his lien had not been established at the time the execution was sued out and, therefore, there was no judgment in his favor at the time and the execution was invalid." *Bovard*, 128 S.W.2d at 277. Section 452.355 does not change this result under these circumstances.

■ This is not to say the attorney here is without a remedy for the fraudulent attempt by the parties to defeat his lien. The proper remedy, as the court stated in *Bovard*, is a motion to set aside the entry of satisfaction of judgment *pro tanto* and subsequent execution against the husband to the extent of the attorney's lien.[1] *Bovard*, 128 S.W.2d at 276. To the same effect, *see*, *Barthels v. Garrels*, 206 Mo.App. 199, 227 S.W. 910, 915 (1920); *Wait v. Atchison*,

---

1. Although the attorney contends that a motion to this effect was before the court, our review of the legal file discloses no such pleading. In any event, this must be done in an independent action and not as part of the execution proceeding. *See Bovard*, 128 S.W.2d at 276–77. We see no legal impediment arising from this execution preventing the attorney from filing a subsequent motion to set aside the satisfaction of judgment.

*Topeka & Santa Fe Ry.*, 204 Mo. 491, 103 S.W. 60, 64 (1907).

The attorney has chosen the wrong remedy to enforce his lien and consequently the trial court's order must be affirmed.

Affirmed.

SNYDER and CRIST, JJ., concur.