**STATE of Missouri, ex rel., the COLWELL PRESS, INC., Relator,**

v.

**Raymond V. CLIFFORD, Clerk of the Circuit Court of St. Louis County, Respondent.**

No. 47249.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 17, 1984.

Kramer & Frank, Irwin James Frankel, St. Louis, Gregory O'Shea, Lemay, for relator.

Thomas W. Wehrle, County Counselor, Don R. Williams, Associate County Counselor, Clayton, for respondent.

DOWD, Judge.

Relator-plaintiff filed this writ of mandamus to command Raymond V. Clifford, Clerk of the Circuit Court of St. Louis County to issue execution on a judgment. This court issued a preliminary order in mandamus but we now conclude that it was improvidently granted. We dismiss relator's petition for writ of mandamus and quash the preliminary order.

Relator filed suit in the Circuit Court of St. Louis County on September 4, 1982. On November 24, 1982, relator filed requests for admissions and interrogatories. These interrogatories went unanswered. On January 14, 1983, relator filed a motion for summary judgment and this was granted on the morning of February 18, 1983. In the afternoon of this same day, new counsel for defendants entered his appearance and requested that relator's summary judgment be set aside. Without notice to relator or an opportunity to be heard, the trial court set aside relator's summary judgment. On April 15, 1983, the trial court denied a motion filed by relator to hold null and void the court's order setting aside the summary judgment. Obviously frustrated, relator then sought execution on its summary judgment. When respondent refused to issue execution in light of the standing order setting aside the summary judgment, relator filed its petition in mandamus.

Relator claims that the trial court lacked jurisdiction to set aside the summary judgment without notice and the opportunity of a hearing. Relator argues the order setting aside the summary judgment was therefore void and the summary judgment continues to stand.

Relator then argued it was the duty of the respondent to determine the legal validity of the court order setting aside the summary judgment. Therefore, relator contends mandamus is proper to compel issuance by the clerk of the court of a writ of execution. We do not agree.

Mandamus will lie to correct an act done without jurisdiction. *State of Missouri, ex rel., Brooks Erection & Construction Company v. Gaertner,* 639 S.W.2d 848, 849 (Mo.App.1982). However, an execution cannot be lawfully issued on other than a final judgment or decree pronounced by a competent court which has determined the respective rights and liabilities of the parties, and an execution without a judgment or decree to support it is void and confers no authority on the officer to whom it is

directed. *Bovard v. Bovard,* 233 Mo.App. 1019, 128 S.W.2d 274, 277 (1939).

The circuit clerk'. authority in issuing an execution is based upon a judgment entered by a competent court. In the case at bar, there was no judgment upon which the clerk could act. The trial court had set aside the summary judgment and we hold that the circuit clerk possessed no authority to issue an execution without a judgment or to substitute his opinion of the law for that of the circuit court.

Without deciding whether the trial court exceeded its jurisdiction by setting aside the summary judgment in an ex parte proceeding, we find that mandamus directed to the clerk of the court will not lie in this case.

The preliminary writ of mandamus is quashed.

SIMON and KAROHL, JJ., concur.